UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Monosodium Glutamate
Antitrust Litigation

Civil File No. 00-MDL-1328 (PAM)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiffs' counsel's second Application for Attorneys' Fees. The Court previously granted counsel's attorneys fees in the amount of $24,420,000. After that award, another Defendant settled, resulting in a $42 million payment into the settlement fund. The fees requested in this second Application are fees incurred since the previous Application.

In this most recent Application, Plaintiffs' counsel asks for fees in the amount of 1/3 of the $42 million payment into the settlement fund, interest of approximately $7,000 accrued on the 1/3 of the settlement funds since the date the settlement funds were deposited in escrow, and costs in the amount of $214,908.90. Thus, the total award Plaintiffs' counsel seeks is $14,221,908.90. The notice to the class about the proposed settlement distribution stated that the attorneys would seek no more than 1/3 of the settlement fund. No class members have objected to the proposed fee award.

As noted in the previous Order on attorneys' fees, determining the amount of an award of fees is a matter committed to the discretion of the Court. Blum v. Stetson, 465 U.S. 886, 896-97 (1984); see In re Monosodium Glutamate Antitrust Litig., MDL No. 00-1328, slip. op. at 1-2 (D. Minn. Feb. 6, 2003) (Magnuson, J.).

The previous Order discussed at length two different approaches to granting attorneys'

NOV 05 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

fees in common fund cases such as this one. The Court will not reiterate that discussion here. As in the previous Order, the Court determines that the percentage-of-the-fund approach is the better approach in this instance. And, as previously, the Court enlisted the assistance of Special Master John Borg in examining the fee request closely to ensure that an award based on a percentage of the fund is not disproportionate in light of the lodestar approach and other factors.

In making its determination, the Court must comment on the quality of the representation rendered by Plaintiffs' counsel. This complicated antitrust case involved many foreign defendants, with the attendant difficulty in conducting discovery in far-flung locales. Plaintiffs' counsel conducted themselves in an exemplary fashion throughout the litigation, and are to be commended for their fine work in this litigation.

The Court has carefully considered Plaintiffs' counsel's Application. The Court concludes that an award of 28% of the Cheil Jedang settlement is reasonable in this matter. Thus, the Court finds that Plaintiffs' counsel are entitled to an award of $11,760,000, plus the interest on that amount and the costs claimed in the Application.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Application for Attorneys' Fees (Clerk Doc. No. 417) is **GRANTED** as set forth above.

Dated: November 5, 2003

Paul A. Magnuson
United States District Court Judge

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.