UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Monosodium Glutamate Antitrust Litigation

Civil File No. 00-MDL-1328 (PAM)

**MEMORANDUM AND ORDER**

Conopco, Inc. v. Daesang Japan, Inc., et al.,

Civil File No. 03-5323 (PAM)

---

This matter is before the Court on a Motion to Dismiss filed by Defendants Daesang Japan, Inc., Daesang Corporation, and Daesang America (collectively "Daesang"). Daesang contends that Plaintiff Conopco, Inc. ("Conopco") has failed to plead fraudulent concealment with the particularity required by Rule 9(b), that Conopco has no standing to bring antitrust claims because it has failed to allege that it directly purchased MSG from any Defendant, and that Conopco's attempt to bring claims on behalf of "ratifying entities" fails under Rule 17(a)'s real-party-in-interest requirement. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

The instant case was transferred from the United States District Court for the Southern District of New York to this Court by the Judicial Panel on Multidistrict Litigation ("MDL"). The umbrella MDL action began more than three years ago as a direct-purchaser antitrust class action alleging price fixing in the food flavor-enhancer industry, specifically monosodium glutamate ("MSG") and nucleotides. Plaintiff in the case at issue here,

FILED DEC 24 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Conopco, Inc. v. Daesang Japan, Inc., et al., is allegedly a direct purchaser of the products at issue who timely opted out of the umbrella MDL class action.

The umbrella MDL direct-purchaser class action has now settled. Counsel for the plaintiff class secured the first settlements in November 2001 and the final defendant settled in early September 2003. The settlements procured in the direct-purchaser class action totaled $123.4 million.

## DISCUSSION

### A. Standard of Review

When analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the allegations in the pleadings and make all reasonable inferences arising from the pleadings in favor of the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court should not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." Id. A motion to dismiss will be granted only if "it appears beyond doubt that the [non-movants] can prove no set of facts which would entitle [them] to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Fraudulent Concealment

Daesang contends that the Amended Complaint must be dismissed because Conopco failed to plead fraudulent concealment with the particularity required by Federal Rule of Civil Procedure 9(b). Daesang points to two alleged deficiencies in the Amended Complaint. First, Daesang asserts that Conopco has not pled sufficient affirmative acts of concealment.

Second, Daesang argues that Conopco has failed to plead the due diligence required for fraudulent concealment.

Although Daesang is correct that Conopco faces a higher pleading burden for its fraudulent concealment claims, Conopco need not prove those claims at this stage of the litigation. All that is necessary is for Conopco to plead the elements of a claim of fraudulent concealment with particularity. The Amended Complaint meets this burden. Conopco sets out eleven types of affirmative acts Defendants allegedly took to conceal the alleged conspiracy. Some of these acts are undoubtedly merely acts taken in furtherance of the conspiracy, but others, such as providing Conopco "with false or misleading explanations for MSG and nucleotide pricing" (Am. Compl. ¶ 34(j)), constitute affirmative acts of concealment for the purposes of pleading a claim of fraudulent concealment.

Conopco has also met its burden to plead that it exercised due diligence to discover their claims. Conopco states that it "did not discover and could not have discovered through the exercise of reasonable diligence" the alleged conspiracy. (Id. ¶ 35.) Moreover, Conopco alleges that it took steps to ensure that it was receiving competitive prices for MSG and nucleotides. (Id. ¶ 33.) These statements, coupled with the affirmative acts of concealment, are sufficient to plead the required due diligence.

## C. Standing

Daesang next argues that Conopco has not pled that it directly purchased any MSG or nucleotides, and thus has not established that it has standing to bring the antitrust claims in the Amended Complaint. Although the allegations in the Amended Complaint regarding

who actually purchased the products at issue are a bit confusing, at this stage of the litigation Conopco has sufficiently pled that it made purchases of MSG and nucleotides. Should discovery reveal to the contrary, Daesang may submit a renewed motion on this point to the Court.

**D. Ratifying Entities**

Federal Rule of Civil Procedure 17 requires that a lawsuit be brought by the real party in interest, namely the person or entity injured by the conduct alleged in the complaint. Conopco has purported to bring this action on its own behalf and on behalf of a number of so-called "ratifying entities." Daesang contends that these entities have not in fact ratified Conopco's maintenance of this lawsuit and that Conopco has failed to meet Rule 17's real-party-in-interest requirement.

At the hearing on this Motion, Conopco provided the Court with copies of a number of ratifications from the various ratifying entities. These ratifications were filed with the Court shortly after the hearing. (Clerk Doc. No. 444.) Rule 17 specifically requires that an action shall not be dismissed "on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Thus, the Court will not dismiss the lawsuit for Conopco's purported violation of the real-party-in-interest requirement.

Conopco urges the Court to accept the ratifications and to allow the lawsuit to proceed with Conopco as the only Plaintiff and the ratifying entities merely participating in discovery

as needed. See, e.g., In re Vitamins Antitrust Litig., No. 99-197TFH, 2001 WL 755852, at * 4 (D.D.C. June 7, 2001) (allowing plaintiff's affiliates to participate in multidistrict litigation via ratifications). The situation in this case is different from that presented in Vitamins, however. First, it is not clear in this matter that the various ratifying entities are indeed affiliates of Conopco, or what the relationship is between the entities and Conopco. Second, and more importantly, it appears that many of the ratifying entities are foreign corporations whose purchases may have occurred outside the United States. On the day of the hearing in this matter, the Supreme Court granted certiorari to decide whether foreign purchasers have standing under the United States antitrust laws. Empagran S.A. v. Hoffman-LaRoche, Ltd., 315 F.3d 338 (D.C. Cir. 2003), cert. granted, 2003 WL 22734815, 72 U.S.L.W. 3356 (Dec. 15, 2003). To efficiently determine whether this case should proceed or be stayed pending a decision in Empagran, the ratifying entities should be parties to the case.

Therefore, the Court will require Conopco to join the ratifying entities as Plaintiffs in this matter. Conopco shall have 45 days from the date of this Order to do so. Any ratifying entities not joined shall be dismissed without prejudice from this action.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Daesang Japan, Inc., Daesang Corporation, and Daesang America's Motion to Dismiss (Clerk Doc. No. 424 ) is **DENIED**; and

2. Plaintiff Conopco shall join the ratifying entities as Plaintiffs in this matter within 45 days of the date of this Order. Should Conopco fail to join any ratifying entities, those entities shall be dismissed from this lawsuit without prejudice.

Dated: December 23, 2003

Paul A. Magnuson
United States District Court Judge