**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: MONOSODIUM GLUTAMATE ANTITRUST LITIGATION

MDL 00-1328 (PAM/JGL)

This Document Relates To:

DIRECT PURCHASER CLASS ACTION

---

**ORDER**
**Re: DISTRIBUTION OF CLASS SETTLEMENT FUND**

Upon consideration of Plaintiffs' Amended Motion for Distribution of the Settlement Fund, the Memorandum in Support of Plaintiffs' Amended Motion for Distribution of the Settlement Fund, the Amended Affidavit of Tiffaney A. George of Rust Consulting, Inc. (the "Settlement Administrator"), the Affidavit of Susan E. MacMenamin, this Court's prior orders approving the Settlements in the above-captioned action, all prior proceedings herein, and after due deliberation, it is hereby ORDERED as follows:

1. The administrative determinations of the Settlement Administrator accepting the claims indicated on the computer printout submitted with and described in the Amended Affidavit of Tiffaney A. George (at Exhibit G), including such claims submitted after February 7, 2003, are approved, and said claims are accepted.

2. The administrative determinations of the Settlement Administrator rejecting the claims indicated on the computer printout submitted with and described in the Amended Affidavit of Tiffaney A. George (Exhibit G) are approved, and said claims are hereby rejected.

3. The Court authorizes payment of $225,934.54 from the Settlement Fund to the Settlement Administrator for payment of fees and costs incurred through January 31, 2004 and


45774.1
45774.1

authorizes the reservation of $60,000.00 in the Settlement Fund for estimated fees and costs to be incurred by the Settlement Administrator through conclusion of the claims processing and distribution process.

4. The Court authorizes reservation of $17,270.00 from the Settlement Fund for payment to the tax accountants for the Settlement Fund for reasonable expenses incurred and to be incurred preparing tax returns and tax estimates for the Settlement Fund.

5. The Court authorizes payment of $65,869.12 from the Settlement Fund to Plaintiffs' Co-Lead Counsel for reasonable expenses incurred in the prosecution and administration of this litigation.

6. The Court authorizes the establishment of a reserve fund in the amount of $50,000.00 for use by the Settlement Administrator, acting under the supervision of Co-Lead Counsel, in correcting any distribution deficiencies, making equitable adjustments regarding claims, and in meeting any unforeseen contingencies related to the distribution, with any unused balance in the reserve fund to be awarded *cy pres* by the Court at its discretion.

7. Plaintiffs' Counsel are directed to distribute the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") to the eligible claimants listed on Exhibit G submitted with the Amended Affidavit of Tiffaney A. George pursuant to the plan of distribution and allocation previously approved by this Court in Orders dated January 9, 2003 and September 10, 2003.

8. The Court directs that the checks for distribution of the Net Settlement Fund shall bear the notation "CASH PROMPTLY. VOID 180 DAYS AFTER ISSUE DATE." The Court authorizes Plaintiffs' Co-Lead Counsel and the Settlement Administrator to take appropriate action to locate and contact any eligible claimant who has not cashed his, her, or its check within

said time. The Court finds that the costs to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

9. The Court also authorizes a *cy pres* distribution, at the Court's discretion, of any funds remaining in the Net Settlement Fund (by reason of returned or unpaid checks or otherwise) one year after the initial distribution of the Net Settlement Fund to eligible claimants and after appropriate efforts have been made to have the eligible claimants cash their checks.

10. The Court also finds that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund is released and discharged from any and all claims arising out of such involvement, and all Class Members or persons who are or claim to be acting on behalf of any Class Member, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond any amount allocated to them pursuant to this Order.

11. The Court authorizes the Settlement Administrator to destroy paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

12. The Court shall retain jurisdiction over any further application or matter which may arise in connection with this action.

13. The Court orders that no claim, amended claim or supplemental documentation submitted after February 25, 2004 may be accepted for any reason whatsoever.

SO ORDERED this 5th day of March, 2004

s/ Paul A. Magnuson
The Honorable Paul A. Magnuson
United States District Court Judge