# Exhibit C

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

Anna LONG, Appellant,
v.
CITY OF MINNEAPOLIS, Respondent,
State of Minnesota, Respondent,
County of Hennepin, Respondent,
Steven Good, Ann Good, Clarence Ezuck, Rose Ezuck, and Jane and John Doe,
Respondents.

No. C6-89-1259.

Nov. 14, 1989.
Review Denied Jan. 12, 1990.

Appeal from District Court, Hennepin County; Hon. Ann Montgomery, Judge.

Jon R. Hawks, Jon R. Hawks, Ltd., Minneapolis, for Long.

William Dunning, Minneapolis, for City of Minneapolis.

Hubert H. Humphrey, III, Attorney General, Thomas R. Muck, Deputy Attorney General, St. Paul, for State of Minn.

Thomas Johnson, Hennepin County Attorney, Marilyn Maloney, Assistant County Attorney, Minneapolis, for County of Hennepin

Robert J. Beugen, Beugen & Iverson, Ltd., Minneapolis, for Steven and Ann Good, Clarence and Rose Ezuck, Jane & John Doe.

Heard, considered and decided by PARKER, P.J., and CRIPPEN and BOWEN [FN*], J.

UNPUBLISHED OPINION

PARKER, Judge.

***1** Appellant Anna Long brought an action against various neighbors and government entities to determine adverse claims to a parcel of real estate. The parties settled the action by written agreement. After the government entities were late in delivering their share of the payment agreed upon, Long repudiated the agreement and petitioned the trial court to vacate it. She appeals from the trial court's refusal to vacate the settlement agreement.

DECISION

On appeal Long seeks to present equitable arguments relating to the cancellation of a real estate contract. However, this appeal arises from a motion to vacate a settlement agreement, not cancellation of a contract for deed.

The settlement of disputes without litigation is highly favored and such settlements will not be lightly set aside by the courts. *Johnson v. St. Paul Insurance Co.,* 305 N.W.2d 571, 573 (Minn.1981). The decision to vacate a settlement agreement is within the discretion of the court. *Id.* On appeal, a trial court's refusal to set aside a settlement agreement will not be disturbed unless it is shown that the court acted in such an arbitrary manner as to frustrate justice. *Id.; Myers v. Fecker Co.,* 312 Minn. 469, 474, 252 N.W.2d 595, 599 (1977).

Long raises issues of mutual mistake and abandonment. In the absence of a hearing transcript and memorandum in support of her motion, it is difficult to determine whether these issues were properly raised below; we shall assume they were, for the sake of this opinion.

Compromise and settlement of a lawsuit is contractual in nature. *Ryan v. Ryan,* 292 Minn. 52, 55, 193 N.W.2d 295, 297 (1971). When there has been a mutual mistake of fact, a party may avoid a settlement agreement. *Johnson,* 305 N.W.2d at 574; *Schoenfeld v. Buker,* 262 Minn. 122, 132, 114 N.W.2d 560, 567 (1962).

Long claims the actual interest transferred by the settlement agreement is unclear and that she believed she had agreed to transfer only a one-third interest, not her claim to ownership of the other two-thirds interest. We find no evidence of mutual mistake. Although the mistake need not be "mutual" in the sense that both parties are under the same

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

misapprehension, there must be knowledge of one party that the other is mistaken in order for there to be release based on unilateral mistake. *Id.* at 131, 114 N.W.2d at 566.

The government entities contend the agreement is unambiguous and that they had no reason to know of the mistake Long claims. They contend that this is a matter of unilateral, not mutual, mistake.

A unilateral mistake in entering a compromise settlement is not a basis for rescission unless there is ambiguity, fraud, misrepresentation, or where the agreement may be rescinded without prejudice to the other party. *Speckel by Speckel v. Perkins,* 364 N.W.2d 890, 893 (Minn.Ct.App.1986) (quoting *Olson v. Shephard,* 165 Minn. 433, 206 N.W. 711 (1926)).

In her complaint Long presents the complete legal description of the land, claims to be the fee owner, and pleads to be declared owner in fee of the premises. The settlement agreement states that "the above-entitled case has been fully, finally and completely settled under the terms as follows: * * *." In exchange for $1,800 and other consideration, Long agreed to "deliver to defendants a quit claim deed in a form satisfactory to defendants." We find there is no ambiguity; the land in dispute must be construed to be the entire estate, as she claimed in her complaint.

***2** Long initially sought compliance with the settlement agreement. She did not raise the issue of mistake until she sought to vacate the agreement. She sent several letters to the respondent governments requesting the overdue payment and continued to demand it until May 19, 1987. We take her May 19, 1987, letter as an allegation of abandonment by the government entities.

A party seeking to prove abandonment of a settlement agreement must present "clear and unequivocal" evidence that the other party intended to abandon the agreement. *City of St. Charles v. Stevens,* 354 N.W.2d 884, 885 (Minn.Ct.App.1984) . The purported acts of the parties must be inconsistent with the existence of the agreement. *Id.*

The respondent government entities claim the delay of payment was due to reasons other than a desire not to carry out the agreement, i.e., inadvertence caused by a change of personnel. The claimed expression of abandonment was not shared by all parties to the agreement; the individual respondents, Long's neighbors, had paid their part of the settlement within the agreed time. In November 1987 the respondent governments tendered their payment and the city paved the area in question as a driveway suitable for the neighbors and Mrs. Long.

The trial court heard the evidence and agreed that, rather than abandonment, there was inexcusable delay and that both public and private interests would best be served by enforcing the agreement and punishing the government entities involved. The trial court was conscious, as are we, that Anna Long was ill- served by the treatment afforded her by the city, county and state in this matter. She has, however, received a thorough apology and the court has assessed an appropriate penalty in addition to interest for the one-year delay.

In view of the the trial court's balancing of private and public interests and the policy favoring settlement and enforcement of negotiated settlements, we believe the trial court did not abuse its discretion.

Affirmed.

FN* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1989 WL 135405, 1989 WL 135405 (Minn.App.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works