# Exhibit E

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

Mohammad O. SABRI, Appellant,
v.
Basim O. SABRI, Defendant,
Azmi O. Sabri, Respondent,
Azzam O. Sabri, Respondent.

No. C4-99-1844.

Aug. 1, 2000.

Steven H. Silton, Minneapolis, MN, for appellant.

Jordan S. Kushner, Minneapolis, MN, for respondents.

Considered and decided by RANDALL, Presiding Judge, LANSING and WILLIS, Judges.

UNPUBLISHED OPINION

WILLIS

***1** Appellant seeks review of a judgment dismissing his personal-injury claims against respondents, arguing that the district court erred in dismissing the claims based on an alleged oral settlement agreement. We affirm.

FACTS

The parties are brothers who have been embroiled in a series of bitter intra- familial disputes. This litigation arises from the alleged March 1995 battery of appellant Mohammed Sabri by Basim Sabri and respondents Azmi and Azzam Sabri. Appellant sued them for medical expenses, pain, and mental anguish; he later settled with Basim Sabri.

The first jury trial began on October 22, 1996, but ended the next day after a sheriff's deputy, in front of the jury, served respondents with an order for protection filed by appellant. Then, after a recess, again in front of the jury, appellant called 911 to have respondents arrested. The judge recused herself, stating that she was too angry about the mistrial and the parties' attempts "to litigate a lifetime of disputes" to be fair.

The second trial was held on November 24-25, 1997. The jury awarded appellant $529,112.57 in damages. Respondents moved for a new trial, arguing that Azzam Sabri, in the presence of the jury, had again been served with an order for protection filed by appellant. Appellant submitted an affidavit in support of respondents' motion, apparently without the knowledge of his attorney; one week later appellant filed a motion in opposition to respondents' motion. The district court granted respondents a new trial on the issue of damages only.

On September 2, 1998, respondents moved to dismiss appellant's case, alleging that they had entered into an oral settlement agreement on November 22, 1997, and had fulfilled its terms. The parties allegedly agreed that (1) appellant would dismiss this action; (2) appellant would repay the parties' mother, Raba Salem, $120,000; (3) Azmi Sabri would waive restitution and request leniency for appellant in regard to a criminal theft conviction in the country of Jordan; (4) Salem would dismiss her fraud action against appellant; and (5) Azzam Sabri would withdraw an action for appointment of a conservator for Salem.

In support of their motion to dismiss, respondents filed their own affidavits and affidavits of Basim Sabri and Salem, explaining the terms of the alleged settlement agreement. Respondents also provided to the district court: (1) a December 8, 1997, discharge of the lis pendens that Salem had against appellant's property, (2) a December 16, 1997, order dismissing Azzam Sabri's Petition for Conservatorship for Salem; and (3) a June 11, 1998, court document from Jordan, showing that Azmi Sabri had talked to a chief judge there and that, as a result, restitution by appellant was waived and his sentence was reduced from one year to one month in prison. All of these documents were dated after the November 1997 trial.

On May 28, 1999, the district court held a hearing on the motion to dismiss. Appellant testified that

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

although there were negotiations, he did not enter into a settlement agreement with respondents. He also argued that three letters written by his attorney on January 16, 1998, June 8, 1998, and November 10, 1998, regarding settlement attempts did not refer to an oral settlement agreement, thereby showing that there was no oral agreement. [FN1] Respondents did not testify but relied on the affidavits and documents they had submitted. The district court dismissed appellant's case with prejudice, finding that the parties entered into a binding oral settlement agreement. This appeal follows.

FN1. These letters are in the record.

DECISION

I. Settlement Agreement

***2** Appellant argues that the district court's finding of an oral settlement agreement is erroneous. The settlement of litigation is favored and a definite settlement agreement will be enforced, absent fraud, mistake, collusion, or a result that will "not stand in equity." *Jallen v. Agre,* 264 Minn. 369, 373, 119 N.W.2d 739, 742-43 (1963). Because a settlement of a lawsuit is contractual in nature it requires a definite offer and acceptance that demonstrates a meeting of the minds on the essential terms of the agreement. *Id.* at 373, 119 N.W.2d at 743; *see also Theis v. Theis,* 271 Minn. 199, 204, 135 N.W.2d 740, 744-45 (1965). A settlement agreement need not be in writing and will be enforced when the facts show that the required contractual elements have been met. *Jallen,* 264 Minn. at 373, 119 N.W.2d at 743; *see Johnson v. Sitzmann,* 413 N.W.2d 541, 544-45 (Minn.App.1987) (holding that oral acceptance of settlement offer was enforceable even where party subsequently refused to sign written agreement), *review denied* (Minn. Dec. 22, 1987). To determine whether an offer has been accepted, Minnesota follows the objective theory of contract formation, which requires the courts to consider the parties' outward manifestations of assent, rather than their subjective intent. *Speckel v. Perkins,* 364 N.W.2d 890, 893 (Minn.App.1985). If there is a dispute about whether a settlement was reached, the district court must determine the facts. *Jallen,* 264 Minn. at 373, 119 N.W.2d at 743.

The existence of an oral contract is a question of fact for the district court. *Carlson v. Carlson,* 211 Minn. 297, 303, 300 N.W. 900, 902 (1941). Findings of fact shall not be set aside on appeal unless clearly erroneous. Minn.R.Civ.P. 52.01. If there is reasonable evidence tending to support the district court's findings of fact, this court will not reverse those findings. *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn.1999).

The district court weighed the affidavits submitted by respondents against the contradictory testimony of appellant and found that the affidavits were more credible. This court shows great deference to the opportunity of the district court to judge the credibility of witnesses. *See State v. Dickerson,* 481 N.W.2d 840, 843 (Minn.1992), *aff'd,* 508 U.S. 366, 113 S.Ct. 2130 (1993); Minn.R.Civ.P. 52.01.

The district court found credible respondents' evidence that (1) the petition of conservatorship over Salem was dismissed; (2) the lis pendens against appellant's property was dismissed; and (3) Azmi Sabri waived his right to restitution from appellant and successfully asked for leniency for appellant in the Jordanian action. [FN2] The district court dismissed the action.

FN2. While these documents appear in the appendices to the parties' briefs, none is in the record. But clearly the district court considered them because they are referred to in its memorandum. *Cf. Stanek v. A.P.I., Inc.,* 474 N.W.2d 829, 831-32 (Minn.App.1991) (exercising this court's authority under Minn.R.Civ.App.P. 110.05 to correct omission from record where appendix to party's brief contained document filed in district court but omitted from record due to a filing technicality), *review denied* (Minn. Oct. 31, 1991).

Appellant challenges the district court's findings on numerous grounds. First, appellant argues that, because there is no record of any oral negotiations and violent disagreement about what took place, the district court erred in finding an enforceable settlement agreement. *See Jallen,* 264 Minn. at 374, 119 N.W.2d at 743 (holding that, where no record was made of oral negotiations between parties in personal-injury action and there was disagreement about what took place, no enforceable settlement was established by plaintiff who voluntarily went to trial after entering into alleged settlement agreement). But a record of oral negotiations is not required, and the district court may assess the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

credibility of witnesses in determining whether an agreement was reached. *See id* . at 373-74, 119 N.W.2d at 743.

***3** Second, appellant argues that even if there was a settlement agreement, respondents abandoned the agreement by proceeding to trial two days after entering into it and by filing a motion for new trial shortly thereafter. Any conduct inconsistent with a settlement agreement will ordinarily be held to be an abandonment of that agreement. *Id.* at 374, 119 N.W.2d at 743. Generally, proceeding to trial following a settlement agreement would be an abandonment. *See id.* But where performance is the method of acceptance, a contract can be created only by the offeree's performance. Restatement (Second) of Contracts § 50 cmt. b. (1981). Here, respondents' performance of the agreed-on terms was the method of acceptance, and, therefore, there was no valid settlement agreement until after respondents completed performance. Because respondents did not complete performance until June 1998, when the Jordanian decree was issued, proceeding to trial in November 1997 was not an abandonment of the agreement.

Neither the parties nor the district court discussed the elements of contract formation as they apply to this case. The district court made only the conclusory finding that "all of the parties did enter into a binding settlement agreement in 1997." Although we agree with the result reached by the district court, the date in this finding appears clearly erroneous. *See Katz v. Katz,* 408 N .W.2d 835, 839 (Minn.1987) (stating that the appellate courts "will not reverse a correct decision simply because it is based on incorrect reasons"). A decision is clearly erroneous if it is based on an erroneous view of the law. *Anda Constr. Co. v. First Fed. Sav. & Loan Ass'n, Duluth,* 349 N.W.2d 275, 277 (Minn.App.1984), *review denied* (Minn. Sept. 5, 1984). Here, if a settlement agreement had been reached on November 22, 1997, it would have been abandoned when the parties proceeded to trial two days later. Because we conclude that respondents accepted appellant's offer by performance, and respondents did not complete performance until June 1998, the settlement agreement was created in June 1998. Therefore, there was no settlement agreement to be abandoned when the parties proceeded to trial in November 1997.

II. Evidentiary Rulings

Appellant argues that: (1) respondents' affidavits lack proper foundation; (2) respondents' affidavits state legal conclusions; and (3) the document from Jordan lacks proper foundation. But appellant failed to raise any of these objections to the district court, and the admission of evidence cannot be challenged on appeal unless a timely objection was made. Minn.R.Evid. 103(a)(1); *see Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Therefore, appellant has waived a challenge to the admission of this evidence.

III. Findings of Fact

The district court must make findings of fact and conclusions of law when deciding a case on its merits. Minn.R.Civ.P. 52.01. A dismissal pursuant to rule 41.02 operates as an adjudication on the merits. *See* Minn.R.Civ.P. 41.02(c). Thus, the district court was required to make findings of fact and conclusions of law to support its decision. Appellant argues that the district court's findings of fact are insufficient.

***4** First, appellant contends that finding a settlement agreement required a finding that there had been a definite offer and acceptance that demonstrated a meeting of the minds on the essential terms of the agreement. *See Jallen,* 264 Minn. at 374, 119 N.W.2d at 743. Appellant also argues that the district court was required to make a finding on appellant's credibility because it rejected his testimony that no settlement agreement was reached. But findings "are not required when the decision necessarily decides all the disputed facts." *Minneapolis Community Dev. Agency v. Mark Lee Prods., Inc.,* 411 N.W.2d 599, 601 (Minn.App.1987) (citing *Crowley Co. v. Metropolitan Airports Comm'n,* 394 N.W.2d 542, 545 (Minn.App.1986)). And even if the decision does not decide all disputed facts, findings are not required if the undecided issues are immaterial. *Id.*

Here, the district court failed to make specific findings regarding the formation of the contract. But from the findings it did make, we can infer that it accepted respondents' evidence that a settlement agreement was reached.

IV. Motion to Strike

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Appellant moved to strike footnote 8 in respondents' brief, as well as "any reference made in respondents' brief regarding appellant's alleged attempt to defraud his prior attorney." Footnote 8 reads

> [a]lthough it would have been more rational, honest and considerate to request a continuance of the trial until the settlement could be performed, it appears that appellant was intent on affecting the case behind the back of his attorney.

There are no references in respondents' brief to appellant's attempt to "defraud" his prior attorney.

This court may not base its decision on matters outside the record on appeal. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977). The record comprises the papers filed in the district court, the exhibits, and the transcript of proceedings. Minn.R.Civ.App.P. 110.01. Footnote 8 speaks only of an attempt by appellant to act independently of his attorney. The record indicates that this could have occurred. First, appellant filed an affidavit in support of respondents' motion for a new trial. Second, if appellant took part in settlement negotiations on November 22, 1997, it was without the knowledge of his former attorney, because the attorney subsequently wrote three letters regarding settlement without mentioning the negotiations. Appellant's attorney eventually withdrew and filed a lien for fees. Because there is adequate support in the record that appellant acted independently of his attorney, the motion to strike is denied.

Affirmed; motion denied.

2000 WL 1051970, 2000 WL 1051970 (Minn.App.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works