# Exhibit F

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

Joel L. STOECKEL, Appellant,
v.
CERIDIAN EMPLOYER SERVICES, n/k/a Ceridian People Partners, et al., Respondents.

No. C1-98-947.

Nov. 24, 1998.

Richard I. Diamond, Diamond, Liszt & Grady, P.A., 9855 West 78th Street, Suite 210, Minneapolis, MN 55344 (for appellant).

Jodeen A. Kozlak, Greene Espel, P.L.L.P., 333 South Seventh Street, Suite 1700, Minneapolis, MN 55402; and Ann M. Curme, 8100 34th Avenue South, Minneapolis, MN 55425 (for respondents).

Considered and decided by WILLIS, Presiding Judge, TOUSSAINT, Chief Judge, and KALITOWSKI, Judge.

UNPUBLISHED OPINION

KALITOWSKI, J.

*1 Appellant Joel Stoeckel challenges the district court's order granting summary judgment in favor of respondent Ceridian Employer Services, contending: (1) the district court erred in determining there are no genuine issues of material fact; and (2) the district court abused its discretion in ordering him to pay respondent's attorney fees. We affirm.

DECISION

Initially, we note that we address only those issues argued on appeal. *Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982). Thus, although judgment was granted against appellant on all of the 12 causes of action he brought against respondent, we address only those issues raised and argued on appeal.

Summary judgment is proper when no issues of material fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from a grant of summary judgment, this court determines whether there are any issues of material fact, and whether the district court erred in applying the law. *Ruud v. Great Plains Supply, Inc.,* 526 N.W.2d 369, 371 (Minn.1995). In making this analysis, the court views the evidence in the light most favorable to the nonmoving party. *Id.* A party opposing a properly supported motion for summary judgment must come forward with "significant probative evidence" showing that there is a genuine issue for trial. *Carlisle v. City of Minneapolis,* 437 N.W.2d 712, 715 (Minn.App.1989).

I.

A. Alleged promises of employment

Appellant contends there is a genuine issue of material fact as to whether he was promised two years of employment. Absent a showing to the contrary, the presumption in Minnesota is that an employment contract is terminable at-will. *Cederstrand v. Lutheran Brotherhood,* 263 Minn. 520, 532, 117 N.W.2d 213, 221 (1962). A contract is "at will" where the employer may terminate the employee for any reason or no reason, and where the employee is under no obligation to remain on the job for any length of time. *Michaelson v. Minnesota Mining & Mfg. Co.,* 474 N.W.2d 174, 179 (Minn.App.1991). Courts are reluctant to find a modification in the at-will rule. *Aberman v. Malden Mills Indus., Inc.,* 414 N.W.2d 769, 771 (Minn.App.1987).

Here, appellant alleges two promises. First, appellant alleges that his superior, Steve Ruff, promised appellant two years of employment at the time appellant was hired. Contemporaneous with the alleged promise, however, appellant received an offer letter which stated that no oral promises would be binding on the corporation. Appellant also filled out an application for employment with Ceridian that stated that no oral promises would be binding upon the corporation, and that both appellant and Ceridian were free to terminate the employment relationship at any time. Further, although appellant alleges that he gave up his business in order to work

for Ceridian, this is insufficient consideration to modify the employment relationship. *See Montgomery v. American Hoist & Derrick Co.*, 350 N.W.2d 405, 408 (Minn.App.1984); *Aberman*, 414 N.W.2d at 772. We conclude appellant has failed to come forward with sufficient material facts to demonstrate a modification of at-will status.

***2** Appellant also alleges that in April of 1996 David Robinson, Steve Ruff's superior, promised appellant employment through the end of 1996. Appellant, however, presents no evidence of consideration for this promise. Appellant's bare assertion that there was a promise, without more, is insufficient to modify the at-will status of his employment.

Appellant argues that even if his at-will status was not altered by these alleged promises, Mr. Ruff's alleged promise was enough to support a promissory estoppel claim. We disagree.

The elements of a valid promissory estoppel claim are as follows:

> A promise which the promisor should reasonably expect to induce action or forbearance * * * on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn.1981) (quoting Restatement of Contracts § 90 (1932)). The injustice element of a promissory estoppel claim is a question of law for the court to decide. *Faimon v. Winona State Univ.*, 540 N.W.2d 879, 883 (Minn.App.1995). Factors in this determination include the reasonableness of reliance, and a weighing of public policy considerations involving the enforcement of bargains and the prevention of unjust enrichment. *Id.*

Appellant claims to have given up his business in reliance on appellant's guarantee of two years employment. The record indicates, however, that appellant was closing his business and selling assets when he applied with Ceridian. Moreover, the alleged guarantee was given contemporaneous with appellant's receipt of the documents stating no oral promises would be binding on Ceridian. Thus, we conclude any reliance is not reasonable as a matter of law and no injustice will result if the alleged promise is not enforced.

B. Reason for appellant's termination

Appellant contends there is a genuine issue of material fact as to whether Ceridian terminated his employment to avoid paying him commissions. We disagree. Appellant presented no evidence as to why he would have been the only Ceridian sales person terminated for this reason. Moreover, the record indicates no cost savings for Ceridian, since if appellant was not paid the commissions in question, other employees for Ceridian would have been. There is considerable evidence appellant was a poor employee and that the company chose to restructure for reasons independent of commissions. Because no reasonable jury could conclude from the evidence that appellant was terminated in order to avoid paying commissions, there is no *genuine* issue of fact concerning the reason for appellant's termination.

Additionally, this issue is not material because Minnesota does not recognize a general cause of action for wrongful discharge. *See Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569, 570-71 (Minn.1987) (recognizing wrongful discharge cause of action when employee is discharged for reasons that contravene public policy); *Steinback v. Northwestern Nat'l Life Ins. Co.*, 728 F.Supp. 1389, 1394 (D.Minn.1989) (limiting wrongful discharge cause of action to public policy exception). Finally, although appellant raises Minn.Stat. § 181.932, the whistleblower statute, appellant's allegations do not meet any of the requirements under the whistleblower statute. We conclude the district court did not err in determining there was no genuine issue of material fact as to the reasons for appellant's discharge.

C. Re-application for employment

***3** Appellant contends the district court erred by not finding that Steve Ruff told appellant not to re-apply with Ceridian after his termination. Because appellant discusses no underlying claim for which this factual dispute would be important, we conclude that even if appellant's version of the facts is true, it does not constitute a genuine issue of *material* fact that would make summary judgment inappropriate.

II.

Appellant claims the district court erred by

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

applying Minn.Stat. § 549.21, subd. 2, rather than Minn.Stat. § 549.211 in awarding attorney fees. We disagree. Because appellant's causes of action arose before August 1, 1997, the district court properly used Minn.Stat. § 549.21, subd. 2, rather than Minn.Stat. § 549.211. *See Cole v. Star Tribune,* 581 N.W.2d 364, 370 (Minn.App.1998) ("Minn.Stat. § 549.21 applies to causes of action that arose before August 1, 1997 * * * ").

Appellant argues that the district court abused its discretion in awarding attorney fees. We disagree. Ordinarily, this court defers to the district court's award of fees or costs unless the award is clearly erroneous or evidences an abuse of discretion. *Franklin v. Western Nat'l Mut. Ins. Co.,* 558 N.W.2d 277, 281 (Minn.App.1997). A district court's award of attorney fees under Minn.Stat. § 549.21, subd. 2 (1992), will not be disturbed absent an abuse of discretion. *Hampton Banks v. Yachts, Inc.,* 528 N.W.2d 880, 890 (Minn.App.1995).

Appellant argues that we must reverse the award of attorney fees because the district court did not make a specific finding of bad faith in its initial order. We disagree because: (1) the district court explicitly stated on the record its basis for awarding attorney fees; (2) the court added an explicit finding of bad faith in its amended order; and (3) the record supports the factual basis underlying the district court's award of attorney fees. We conclude the district court's award of attorney fees is not an abuse of discretion.

Affirmed.

1998 WL 812384, 1998 WL 812384 (Minn.App.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works