# Exhibit 1

KENNY
NACHWALTER
ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

May 3, 2004

***Via Facsimile***

Sam Heins, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue, South
Suite 2200
Minneapolis, MN 55401

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Gentlemen:

We have learned of late that Daesang's counsel has requested that your firms provide information and/or documents in connection with its motion to enforce a claimed settlement with our clients.

We therefore request that you provide us with copies of: (i) all of the documents and information that you produced to Daesang's counsel in connection with its request; (ii) all documents reflecting or referring to any communication between your firm and Daesang's counsel regarding any attempted settlement with any of our clients (whom I refer to collectively, for convenience, as "Unilever"); (iii) all documents reflecting or referring to any communication between your firm and Daesang's counsel about how, if at all, a settlement between Daesang and Unilever bears on or impacts on the Class's settlement with Daesang or the Class's opposition to the Cheil Defendants motion(s) for summary judgment; (iv) all documents reflecting or referring to any communication between your firm and Daesang's counsel regarding affidavits used by the Class to oppose the Cheil Defendants' motion(s) for summary judgment; (v) all affidavits, declarations, statements and letters, including drafts, that you have signed or reviewed, in connection with or regarding Daesang's claimed settlement with Unilever or Daesang's motion to

enforce its claimed settlement with Unilever; (vi) documents sufficient for us to determine the date(s) on which you received signed affidavits from Daesang's counsel on which the Class relied in its opposition to the Cheil Defendants' (motions) for summary judgment; (vii) all documents reflecting or referring to whether the Class or your firm has a formal or informal settlement or understanding about settlement with Daesang's counsel with respect to a putative Class antitrust claim (that your firm has filed) against any Daesang entity for the sale outside the United States of msg and/or nucleotides to purchasers located outside the United States; and (viii) all documents reflecting or referring to any communication between your firm and my firm.

The term "document(s)" is intended to include any document generated by hand or electronically, including, without limitation, any correspondence, notes, faxes, emails, drafts, information on your computer hard drive, recordings, and any other material or writing within the scope of Rule 34, Fed.R.Civ.P. There is no temporal restriction on the foregoing requests.

We trust that you will provide us with what we have requested in the same informal manner that you apparently have provided it to Daesang's counsel. If you require more formal process for us to obtain what we have requested, or would like to discuss this request further, then please let us know right away.

Kindly let us know when we may expect from you the documents that we have requested.

Very truly yours,

William J. Blechman

WJB:mb

/143459

# Exhibit 2

LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
ATTORNEYS AT LAW

SUITE 2200
100 WASHINGTON AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55401-2179
TELEPHONE (612) 339-6900
FACSIMILE (612) 339-0981

SUITE 301
660 PENNSYLVANIA AVENUE, S.E.
WASHINGTON, D.C. 20003-4335
TELEPHONE (202) 544-9840
FACSIMILE (202) 544-9850

WWW.LOCKLAW.COM

ROBERT J. SCHMIT
RICHARD A. LOCKRIDGE
CHARLES N. NAUEN*
H. THEODORE GRINDAL
HUGH V. PLUNKETT III
W. JOSEPH BRUCKNER
PATRICIA A. BLOODGOOD*
CHRISTOPHER K. SANDBERG
J. MICHAEL SCHWARTZ
HARRY E. GALLAHER
WILLIAM A. GENGLER
ERIC C. TOSTRUD
ROBERT K. SHELQUIST
HENRI G. MINETTE
GREGG M. FISHBEIN
SUSAN E. ELLINGSTAD
KAREN HANSON RIEBEL
JAMES M. GENIA
*ALSO ADMITTED IN WISCONSIN

OF COUNSEL
DANIEL A. FARBER**
ELIZABETH A. SNELSON
KATHLEEN F. YOUNG
MILDA K. HEDBLOM
**ADMITTED IN WASHINGTON, D.C. ONLY

CHRISTIAN M. SANDE
HEIDI M. DREWES-SILTON
GREGORY J. MYERS
KATHERYN A. ANDRESEN
MARTIN A. CARLSON
YVONNE M. FLAHERTY
RACHEL C. DELICH
DARLA JO BOGGS
MATTHEW R. SALZWEDEL
SUNNY H. KIM***
DAVID J. ZOLL
MARY E. BRIEDE
***ADMITTED IN MASSACHUSETTS AND NEW YORK ONLY

GOVERNMENT RELATIONS†
DENNIS M. MCGRANN††
KATHLEEN K. MICHELETTI†††
ALLYSON J. HARTLE
REBECCA K. KLETT
RACHEL R. ZAGRABELNY
MARA B. HUMPHREY
NORA C. STEWART
ANDREW M. TANTILLO
JENNIFER A. SWEENEY

† NON-ATTORNEY LOBBYISTS
†† DIRECTOR OF FEDERAL PUBLIC AFFAIRS
††† MANAGER OF STATE GOVERNMENT RELATIONS

May 11, 2004

**VIA FACSIMILE (305) 372-1861**
**AND U.S. MAIL**
Mr. William J. Blechman
KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

Re: In re MSG Antitrust Litigation
MDL 00-1328

Dear Bill:

We have reviewed our files for the materials you requested in your May 3, 2004 letter. The only responsive items in our file are:

1. My affidavit, dated April 30, 2004, which I understand is included in Daesang's motion papers which have been served upon you. Therefore, you should have a copy of the affidavit, and I have not provided it with this letter. We have no drafts of related documents.

2. The following documents, which we provided copies of to Daesang's counsel:

a. Plaintiffs' Memorandum of Law in Opposition to Defendants Cheil Jedang Corp. and CJ America Inc.'s Motions for Partial Summary Judgment Barring Plaintiffs from Seeking Damages Relating to Sale of MSG, Relating to Post-1997 Sale of Nucleotides and Regarding CJ America, Inc., dated October 18, 2002;
b. Affidavit of Heidi M. Drewes-Silton, dated October 18, 2002 (copies of exhibits were not provided, only the index);
c. Service letter and Affidavit of Service to Michael Lindsay and Ronald Breaux dated October 18, 2002;
d. Plaintiffs' Amended Memorandum of Law in Opposition to Defendants' Cheil Jedang Corp. and CJ America Inc.'s Motions for Partial Summary

Judgment Barring Plaintiffs from Seeking Damages Relating to Sale of MSG, Relating to Post-1997 Sale of Nucleotides and Regarding CJ America, Inc., dated November 13, 2002;

e. Amended Affidavit of Heidi M. Drewes-Silton, dated November 13, 2002 (copies of exhibits were not provided, only the index);
f. First Affidavit of Y.K. Lee;
g. Third Affidavit of H.S. Jeon;
h. Third Affidavit of M.C. Kim;
i. Third Affidavit of H.C. Kwon; and
j. Third Affidavit of Simon Oh.

Each of these documents were filed with the Court under seal.

3. In response to your category (viii), the only items in our file are correspondence between your firm and mine. I presume that you also have copies of those, and therefore have not provided them.

I am identifying these materials in response to your letter request, but in light of the fact that your clients were not party to the Court's confidentiality order, and in light of the fact that several of the submissions reflect the considerable work and work-product of Class Plaintiffs' Co-Lead Counsel, for which we expended considerable time and expense, we reserve all objections to production of these materials.

Finally, Bill, I see no basis for any implication in your May 7 letter that you have been unfairly surprised or prejudiced. First, we have provided you with all information you've requested, either in response to your letter or in response to your telephone calls to me. Second, as I told you in our April 29 telephone conversation, I am willing to provide pertinent non-privileged information, including my recollection of events, to either party in this dispute who asks me, including you and Daesang. Our willingness to do so of course is subject to reasonable limitations of time and expense required to be expended by me and my firm.

Sincerely,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

W. Joseph Bruckner

WJB/ctj
cc: Samuel Heins (via facsimile and U.S. mail)
Daniel Gustafson (via facsimile and U.S. mail)
Richard Pacella (via facsimile and U.S. mail)
Alan Maclin (via facsimile and U.S. mail)
Patrick Judge (via facsimile and U.S. mail)
Richard A. Lockridge

# Exhibit 3

HEINS MILLS & OLSON, P.L.C.
ATTORNEYS AT LAW

3550 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SUSAN E. MACMENAMIN
SMACMENAMIN@HEINSMILLS.COM

May 13, 2004

**VIA FACSIMILE (305) 372-1861**
**AND U.S. MAIL**
William J. Blechman
KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Re: In re MSG Antitrust Litigation

Dear Mr. Blechman:

We have reviewed our files in response to your May 3, 2004 letter. The only responsive items contained in our files consist of correspondence between your firm and Lockridge Grindal Naun and Heins Mills & Olson of which I assume you have copies.

Please call if you have any questions.

Sincerely,

HEINS MILLS & OLSON, P.L.C.

Susan E. MacMenamin

SEM/lkm

c. Joseph W. Bruckner (via facsimile)
Daniel E. Gustafson (via facsimile)
Richard Pacella (via facsimile)
Alan Maclin (via facsimile)
Patrick Judge (via facsimile)

46669.1

# Exhibit 4

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

May 22, 2004

Via Facsimile

Susan E. MacMenamin, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Dear Ms. Macmenamin:

Thank you for your letter of May 13th.

I take it from your letter that your firm has no documents (as that term is defined in our letter) responsive to any of the 8 numbered paragraphs in my May 3rd letter to your firm other than the correspondence between my firm and yours and the Lockridge Grindal firm. If I am mistaken in any way, please tell me right away. If your firm provided Daesang's counsel with any of the correspondence between our firms, please send me a letter identifying (author and date is fine) which documents you produced to them and the date(s) when you did so.

Thank you for your assistance.

Very truly yours,

William J. Blechman

WJB:mb
cc: Alan Maclin, Esq. (via fax)
/143459.v.4

KENNY
NACHWALTER
ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

May 3, 2004

***Via Facsimile***

Sam Heins, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue, South
Suite 2200
Minneapolis, MN 55401

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Gentlemen:

We have learned of late that Daesang's counsel has requested that your firms provide information and/or documents in connection with its motion to enforce a claimed settlement with our clients.

We therefore request that you provide us with copies of: (i) all of the documents and information that you produced to Daesang's counsel in connection with its request; (ii) all documents reflecting or referring to any communication between your firm and Daesang's counsel regarding any attempted settlement with any of our clients (whom I refer to collectively, for convenience, as "Unilever"); (iii) all documents reflecting or referring to any communication between your firm and Daesang's counsel about how, if at all, a settlement between Daesang and Unilever bears on or impacts on the Class's settlement with Daesang or the Class's opposition to the Cheil Defendants motion(s) for summary judgment; (iv) all documents reflecting or referring to any communication between your firm and Daesang's counsel regarding affidavits used by the Class to oppose the Cheil Defendants' motion(s) for summary judgment; (v) all affidavits, declarations, statements and letters, including drafts, that you have signed or reviewed, in connection with or regarding Daesang's claimed settlement with Unilever or Daesang's motion to

enforce its claimed settlement with Unilever; (vi) documents sufficient for us to determine the date(s) on which you received signed affidavits from Daesang's counsel on which the Class relied in its opposition to the Cheil Defendants' (motions) for summary judgment; (vii) all documents reflecting or referring to whether the Class or your firm has a formal or informal settlement or understanding about settlement with Daesang's counsel with respect to a putative Class antitrust claim (that your firm has filed) against any Daesang entity for the sale outside the United States of msg and/or nucleotides to purchasers located outside the United States; and (viii) all documents reflecting or referring to any communication between your firm and my firm.

The term "document(s)" is intended to include any document generated by hand or electronically, including, without limitation, any correspondence, notes, faxes, emails, drafts, information on your computer hard drive, recordings, and any other material or writing within the scope of Rule 34, Fed.R.Civ.P. There is no temporal restriction on the foregoing requests.

We trust that you will provide us with what we have requested in the same informal manner that you apparently have provided it to Daesang's counsel. If you require more formal process for us to obtain what we have requested, or would like to discuss this request further, then please let us know right away.

Kindly let us know when we may expect from you the documents that we have requested.

Very truly yours,

William J. Blechman

WJB:mb

/143459

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

May 22, 2004

Via Facsimile

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Dear Dan:

Your letter of May 6th (copy enclosed) promises to get back to us "promptly" regarding the request for documents contained in my letter to you of May 3rd (copy enclosed).

**If you have no documents (as that term is defined in the letter) responsive to any of the requests in the letter (other than the affidavit that you signed), then please make that representation to me and we can short-circuit this inquiry.** On the other hand, if you do have any documents (as that term is defined in my May 3rd letter to you) responsive to any of our requests – which includes, without limitation, any drafts of the affidavit that you signed for Daesang – then please produce them to us.

I would appreciate your response and production of responsive documents no later than Wednesday, May 26th – more than 3 weeks since our request and 20 days since your promise to look into the issues.

Very truly yours,

William J. Blechman

WJB:mb
cc: Alan Maclin, Esq. (via fax)
/143459

**GUSTAFSON GLUEK PLLC**
ATTORNEYS AT LAW
725 NORTHSTAR EAST
608 SECOND AVE SOUTH
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL E. GUSTAFSON
DIRECT DIAL: (612) 330-0172
DGUSTAFSON@GUSTAFSONGLUEK.COM

May 6, 2004

**VIA FACSIMILE #(305) 372-1861**
William J. Blechman
**Kenny Nachwalter**
1100 Miami Center
Miami, FL 33131-4327

**Re: In re Monosodium Glutamate Antitrust Litigation**

Dear Bill:

I received your letters dated May 3, 2004 and May 5, 2004 and will look into the issues promptly. Nonetheless, as you may know, shortly after I left Heins Mills & Olson, I was no longer involved extensively in the representation of the direct plaintiffs.

If you have any questions, please call.

Sincerely,

GUSTAFSON GLUEK PLLC

Daniel E. Gustafson

DEG/rah
c: W. Joseph Bruckner (via facsimile)
Samuel D. Heins (via facsimile)

2180

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

May 22, 2004

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, PLLP
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179

***Via Facsimile***

Re: ***Nucleotides/MSG Antitrust Litigation***

Dear Joe:

Thank you for your letter of May 11th. I write to address open items.

1. We have asked you to provide us with all drafts of your affidavit. You write in your letter that you assume that I have a copy of your signed affidavit. I do. But you write further that you "have no drafts of related documents" (whatever that means). Our request is simple and straightforward – please provide us with copies of all drafts of your affidavit. Also covered by our request are all drafts of the affidavits of Messrs. Gustafson and Pacella. If you have those drafts, please produce them.

2. Request number (i) covers all documents and information that you produced to Daesang's counsel. I read paragraph 2(a)-(j) of your May 11th letter to mean that the only documents that you have produced to Daesang's counsel are the documents that you specifically identify in 2(a)-(j) (and, presumably, your signed affidavit). If I am mistaken about this, please let me know and produce the remaining responsive documents and tell us when you produced those records to Daesang's counsel.

3. The term "document" is a defined term in my May 3rd letter to you. In your response to our letter, you state that you searched your "files." In the interest of clarity, please confirm that your use of the term "file" includes the term "document" as defined in our May 3rd letter.

4. We have asked you to produce documents (a defined term) responsive to 8 specific subjects. A copy of my May 3rd letter to you with those requests is enclosed. The only subject to which you specifically responded is number 8, which implies that there are responsive documents

besides those that you identified in your letter that you have not produced. In the interest of clarity, please tell us, for each numbered subject, whether you have any responsive documents and, if you do, please produce them. **Alternatively, again, in the interest of clarity, if you do not have any documents (as the term is defined in the May 3rd letter) responsive to the requests in that letter other than your signed affidavit and the documents you specifically identified in paragraphs 2(a)-(j) and 3 of your May 11th letter, then please send me a letter with that representation and we can short-circuit this process.** If possible, I would be grateful if you would send me a letter with the requested representation (if you can), or produce any other responsive documents, if any, by May 26th.

Finally, I do not agree with the editorial comments at the end of your letter.

Very truly yours,

William J. Blechman

cc: Alan Maclin, Esq. (via fax)

/144003.v.2

# Exhibit 5

LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
ATTORNEYS AT LAW

SUITE 2200
100 WASHINGTON AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55401-2179
TELEPHONE (612) 339-6900
FACSIMILE (612) 339-0981

SUITE 301
660 PENNSYLVANIA AVENUE, S.E.
WASHINGTON, D.C. 20003-4335
TELEPHONE (202) 544-9840
FACSIMILE (202) 544-9850

WWW.LOCKLAW.COM

ROBERT J. SCHMIT
RICHARD A. LOCKRIDGE
CHARLES N. NAUEN*
H. THEODORE GRINDAL
HUGH V. PLUNKETT III
W. JOSEPH BRUCKNER
PATRICIA A. BLOODGOOD*
CHRISTOPHER K. SANDBERG
J. MICHAEL SCHWARTZ
HARRY E. GALLAHER
WILLIAM A. GENGLER
ERIC C. TOSTRUD
ROBERT K. SHELQUIST
HENRI G. MINETTE
GREGG M. FISHBEIN
SUSAN E. ELLINGSTAD
KAREN HANSON RIEBEL
JAMES M. GENIA
*ALSO ADMITTED IN WISCONSIN

OF COUNSEL
DANIEL A. FARBER**
ELIZABETH A. SNELSON
KATHLEEN F. YOUNG
MILDA K. HEDBLOM
**ADMITTED IN WASHINGTON, D.C. ONLY

CHRISTIAN M. SANDE
HEIDI M. DREWES-SILTON
GREGORY J. MYERS
KATHERYN A. ANDRESEN
MARTIN A. CARLSON
YVONNE M. FLAHERTY
RACHEL C. DELICH
DARLA JO BOGGS
MATTHEW R. SALZWEDEL
SUNNY H. KIM***
DAVID J. ZOLL
MARY E. BRIEDÉ
***ADMITTED IN MASSACHUSETTS AND NEW YORK ONLY

GOVERNMENT RELATIONS†
DENNIS M. MCGRANN††
KATHLEEN K. MICHELETTI†††
ALLYSON J. HARTLE
REBECCA K. KLETT
RACHEL R. ZAGRABELNY
MARA B. HUMPHREY
NORA C. STEWART
ANDREW M. TANTILLO
JENNIFER A. SWEENEY

† NON-ATTORNEY LOBBYISTS
†† DIRECTOR OF FEDERAL PUBLIC AFFAIRS
††† MANAGER OF STATE GOVERNMENT RELATIONS

May 27, 2004

<u>**VIA FACSIMILE (305) 372-1861**</u>
<u>**AND U.S. MAIL**</u>
Mr. William J. Blechman
KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

Re: <u>In re MSG Antitrust Litigation</u>
MDL 00-1328

Dear Bill:

I am responding to your May 22 letter.

1. Regarding my affidavit, my May 11 letter contained a typographical error. Instead of saying, "We have no drafts *of* related documents," I meant to say that we have no drafts *or* related documents. Sorry for any confusion. By the way, by "related documents" I mean documents you requested in your request (v).

2. Your understanding is correct.

3. My staff searched our files for the documents you requested, and I understood your use of the term document as defined in Rule 34, and my staff searched accordingly.

4. As I said at the outset of my May 11 letter, we do not have any documents responsive to any of your requests except those specifically enumerated in my letter. That includes your requests (i) - (viii).

I hope this addresses your questions.

Sincerely,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Joe [signature]

W. Joseph Bruckner

WJB/ctj

cc: Samuel Heins (via facsimile and U.S. mail)
Daniel Gustafson (via facsimile and U.S. mail)
Richard Pacella (via facsimile and U.S. mail)
Alan Maclin (via facsimile and U.S. mail)
Patrick Judge (via facsimile and U.S. mail)
Richard A. Lockridge

# Exhibit 6

**GUSTAFSON GLUEK PLLC**
ATTORNEYS AT LAW

725 NORTHSTAR EAST
608 SECOND AVE SOUTH
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL E. GUSTAFSON
DIRECT DIAL: (612) 330-0172
DGUSTAFSON@GUSTAFSONGLUEK.COM

May 27, 2004

**VIA FACSIMILE #(305) 372-1861**
William Blechman
**Kenny Nachwalter**
1100 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131-4327

**Re: In re Monosodium Glutamate Antitrust Litigation**

Dear Bill:

I have searched my files related to your May 3, 2004 letter.

With respect to the documents you request by category, Gustafson Gluek has:

i. my signed affidavit which I assume you have. We have no drafts. I also sent one letter which I have attached;

ii. I have received one letter which I have attached;

iii. no documents responsive to this category;

iv. no documents responsive to this category;

v. my signed affidavit. We also have copies of whatever Daesang filed to enforce the settlement because we are on the MDL electronic

service list of the Court's docket. I assume you have those pleadings. We also have the two attached letters listed above and attached;

vi. no documents responsive to this category;

vii. no documents responsive to this category; and

viii. no documents other than the letters you sent dated May 3, 2004 or later of which I presume you retained copies.

I don't understand your May 7 letter in which you claim that you have been surprised or prejudiced. Every time you called me I told you what I intended to do and in fact, the substance of my recollection. As I told you, I am willing to provide available factual information to anyone in this dispute if asked.

Sincerely,

GUSTAFSON GLUEK PLLC

Daniel E. Gustafson

DEG/rah
Enclosure
c: Richard Pacella (via facsimile w/ encl.)
Samuel Heins (via facsimile w/ encl.)
Alan Maclin (via facsimile w/ encl.)
W. Joseph Bruckner (via facsimile w/ encl.)

2257

# Exhibit 7

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

June 7, 2004

***Via Facsimile***

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Dear Dan:

Thank you for your letter of May 27th.

I would be grateful if you would consider our letter request of May 3rd to be continuing in effect so that, if you subsequently receive from third parties other documents (as we have defined the term in that letter) responsive to our May 3rd requests (other than documents that show a copy to us), you please provide us with a copy.

As for the editorial comment at the end of your May 27th letter, it is, unfortunately, not correct.

Very truly yours,

William J. Blechman/mb

William J. Blechman

WJB:mb

cc: Alan Maclin, Esq. (via fax)

/143459.1

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

June 7, 2004

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, PLLP
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179

***Via Facsimile***

Re: ***Nucleotides/MSG Antitrust Litigation***

Dear Joe:

Thank you for your clarifying letter of May 27th. I don't want to get hung up on the language that you and I are using. I read your letter to mean that other than the documents that you specifically identified in your May 11th letter to me, your firm has no other "documents" (as that term is defined in my letter to you of May 3rd) responsive to our letter request of May 3rd. If I am mistaken in my interpretation of your May 27th letter, please let me know right away. If I am correct, then no response is required.

Additionally, I would be grateful if you would consider our letter request of May 3rd to be continuing in effect, so that, if you subsequently receive from third parties documents (as we have defined the term in that letter) responsive to our May 3rd requests (other than documents that show a copy to us), that you please provide us with a copy.

Very truly yours,

William J. Blechman/mb

William J. Blechman

WJB:mb

cc: Alan Maclin, Esq. (via fax)

/144003.3

KENNY
NACHWALTER

ATTORNEYS AT LAW

Direct Line
(305) 381-7472
E-Mail
wblechman@knsacs.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861

June 7, 2004

***Via Facsimile***

Susan E. MacMenamin, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Re: ***In re Monosodium Glutamate Antitrust Litigation***

Dear Ms. MacMenamin:

I have not heard back from you regarding my letter to you of May 22nd, which is fine, because I only asked you to respond if my understanding, as stated in that letter, was mistaken. I merely write, as I have to the other Class firms, to request that you please consider our letter request of May 3rd to be continuing in effect, so that, if you subsequently receive from third parties documents (as we have defined the term in that letter) responsive to our May 3rd requests (other than documents that show a copy to us), that you please provide us with a copy.

Very truly yours,

William J. Blechman/mb

William J. Blechman

WJB:mb

cc: Alan Maclin, Esq. (via fax)

/188176

# Exhibit 8

KENNY NACHWALTER

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KENNYNACHWALTER.COM

Direct Line
(305) 381-7476
E-Mail: pperry@knsacs.com

August 17, 2004

Via Facsimile

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, PLLP
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Susan E. MacMenamin, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

**Re:** ***Nucleotides/MSG Antitrust Litigation***

Dear Counsel:

Mr. Bruckner's and Mr. Gustafson's letters of May 11th and May 27th, respectively, state that each is willing to provide pertinent non-privileged information, including their recollection of events, to either party in the dispute between Daesang and Unilever.

To that end, I have a request regarding the affidavits at issue in Daesang's motion to enforce an alleged settlement with Unilever. Those affidavits are, as I understand from Mr. Bruckner's letter of May 11th (and I trust that you will correct this list if I am mistaken), the First Affidavit of Y. K. Lee, the Third Affidavit of H. S. Jeon, the Third Affidavit of M. C. Kim, the Third Affidavit of H. C. Kwon, and the Third Affidavit of Simon Oh. (Class Counsel, Daesang's Counsel, other counsel in the MDL, and the Court have these affidavits. We do not.) For each of those affidavits, please tell me: (1) the date the affiant signed it as reflected in the affidavit; (2) the date Class Counsel obtained physical possession of it; (3) the date Class Counsel served the signed affidavit to opposing counsel; and (4) the date Class Counsel filed the signed affidavit with the Court. None of this information is privileged. In responding to this request, please identify the affiant and the requested information in points (1)-(4) above.

Additionally, we previously asked each of you to treat our prior request for documents to your firms as continuing in nature and we appreciate that you have not objected to doing so. Of late, however, Messrs. Bruckner and Gustafson have executed supplemental affidavits in support of Daesang's reply memo. Any drafts, e-mails, faxes and any other documents (as that term is defined in our prior correspondence) regarding those supplemental affidavits, and any other documents regarding Daesang's motion to enforce, should be produced to us and we request that you turn them over to us now. If Daesang's lawyer has shared any documents with you related to its motion to enforce but you have not retained those documents, please identify the documents that you were shown.

Finally, if you have shared or provided Daesang's counsel with any documents, then please provide us with those materials, too.

We would appreciate receiving the requested information by August 23rd.

Very truly yours,

Pamela I. Perry

PIP:ag
cc: Alan Maclin, Esq. (via facsimile)
194237.1

# Exhibit 9

GUSTAFSON GLUEK PLLC
ATTORNEYS AT LAW
725 NORTHSTAR EAST
608 SECOND AVE SOUTH
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL E. GUSTAFSON
DIRECT DIAL: (612) 330-0172
DGUSTAFSON@GUSTAFSONGLUEK.COM

August 27, 2004

**VIA FACSIMILE #(305) 372-1861**
Pamela Perry
**Kenny Nachwalter, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

**Re: Nucleotides/MSG Antitrust Litigation**

Dear Ms. Perry:

I write in response to your letter dated August 17, 2004. As you know, I left the law firm of Heins Mills & Olson in May 2003 and, as such, I do not have access to the actual pleadings files from the MDL litigation. Therefore, other than the information I provided in my affidavit, I do not have pleadings from the MDL file to respond to the specific requests (1) – (4) of the second paragraph of the letter.

With respect to the request set forth in the third paragraph of your letter, I do not have any drafts, emails, faxes or any other documents regarding my supplemental affidavit, or any other documents regarding Daesang's motion to enforce. I reviewed the letters that are referenced in my supplemental affidavit but do not have copies.

2580

Pamela Perry
Page 2
August 27, 2004

Please call me if you have questions.

Sincerely,

GUSTAFSON GLUEK PLLC

Daniel E. Gustafson

DEG/rah

# Exhibit 10

KENNY NACHWALTER

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KENNYNACHWALTER.COM

Direct Line
(305) 381-7476
E-Mail: pperry@knsacs.com

September 1, 2004

Via Facsimile

W. Joseph Bruckner, Esquire
Lockridge Grindal Nauen, PLLP
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179

Daniel Gustafson, Esquire
Gustafson Gluek
725 Northstar East
608 Second Avenue, South
Minneapolis, MN 55402

Susan E. MacMenamin, Esquire
Heins Mills & Olson
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

**Re:** ***Nucleotides/MSG Antitrust Litigation***

Dear Counsel:

On August 17th we wrote to you with specific questions related to Daesang's motion to enforce a claimed settlement and affidavits that you have signed in support of Daesang's position. Dan replied on August 27th and answered some of our questions but not others. My partner, Pam Perry, who is out, tells me that she has called Joe a number of times over several days but he has been unavailable to talk. She also tells me that Dan's office reports that he is now in trial.

We would appreciate it if you would please answer[1] all of our questions. To be clear, here (again) are the questions:

---

[1] I understand that Dan's case files are at his old firm (though he obviously has whatever papers he has received on the case since he left). That is why a copy of this letter has gone to Heins Mills, which continues to participate in the class action. If Dan cannot get at his files to answer questions, then presumably someone at Heins Mills can. And, of course, there are presumably duplicate files at Lockridge Grindal so that Joe can get us the answers.

1. Joe's letter of May 11th identifies the following signed Daesang affidavits put at issue by Daesang's motion to enforce (what follows are those affidavits as described by Joe in his letter): the First Affidavit of Y. K. Lee, the Third Affidavit of H. S. Jeon, the Third Affidavit of M. C. Kim, the Third Affidavit of H. C. Kwon, and the Third Affidavit of Simon Oh. (Class Counsel, Daesang's Counsel, other counsel in the MDL, and the Court have these affidavits. We do not.) For each of those affidavits, please tell us: (a) the date the affiant signed it as reflected in the affidavit; (b) the date Class Counsel actually obtained physical possession of it; (c) the date Class Counsel served the signed affidavit to opposing counsel; and (d) the date Class Counsel filed the signed affidavit with the Court. None of this information is privileged. In responding to this request, please identify the affiant and the requested information in points (a)-(d) above.

2. Have you read, or has someone shared (*e.g.*, read to you, sent you an email or fax, or told you what was stated in the papers) with you, any of the papers that we filed in opposition to Daesang's motion or that Daesang filed in support of its motion and, if so, identify those papers and the person who provided or otherwise shared them with you?

3. Besides any documents responsive to paragraph "2" above, have Daesang's lawyers shared (same definition) or provided you with any other documents (as that term is defined in our prior correspondence to you) relating to the motion to enforce and, if so, please identify those documents? "Provided" means physically given you a document as by in-person, mail, fax, e-mail, etc. even if you did not retain the document, *e.g.*, you are provided with a document but then return, delete or discard it, or you read a document at someone else's office and leave it behind.

4. Have you provided (same definition) Daesang's lawyers with any documents (same definition) relating to the motion to enforce other than your signed affidavits and the documents specifically identified in Joe's initial letter to us?

5. Did you read or otherwise review drafts of either of your affidavits and, if so, what happened to the drafts and when, *e.g.*, did you return them to Daesang's lawyers, throw them away, etc.?

Unfortunately, a major hurricane is headed our way. Our office will be closed as of noon tomorrow, and it is possible that we will not open at all tomorrow if the storm takes a more westerly track during this evening. Friday we will be closed and we (hopefully) will be able to re-open next Tuesday. Thus, calling us is not workable. Pam tells me that Joe's office had promised that he would call her tomorrow or Friday. Don't. Instead, would each of you please send us a letter by September 8th answering all of our questions.

Thank you.

Very truly yours,

William J. Blechman

WJB/wjb
194237.1

# Exhibit 11

GUSTAFSON GLUEK PLLC
ATTORNEYS AT LAW

725 NORTHSTAR EAST
608 SECOND AVE SOUTH
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL E. GUSTAFSON
DIRECT DIAL: (612) 330-0172
DGUSTAFSON@GUSTAFSONGLUEK.COM

September 3, 2004

**VIA FACSIMLE #(305) 372-1861**
William Blechman
**Kenny Nachwalter**
1100 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131-4327

**Re: Nucleotides/MSG Antitrust Litigation**

Dear Mr. Blechman:

I disagree with your assertion that I did not fully respond to Pamela Perry's August 17th letter. I provided you with all the information that I had available to me. I will respond to the questions you raised in your letter of September 1, 2004 as you presented them:

1. With respect to paragraph 1, see my letter to Pamela Perry dated August 27, 2004.

2. With respect to paragraph 2, I did not read or review any of the papers that you filed in opposition to Daesang's motion or any of the papers that Daesang filed in support of its motion, other than my affidavits and the letters that are referenced in my supplemental affidavit.

3. With respect to paragraph 3, others than the documents set forth above, Daesang's lawyers did not share or provide me with any other documents relating to the motion to enforce.

4. With respect to paragraph 4, I did not provide Daesang's lawyers with any documents relating to the motion to enforce other than my signed affidavits.

5. With respect to paragraph 5, I was provided a draft of my affidavit by Daesang's counsel, I made edits to that draft and gave those changes to Daesang's counsel. I do not have any drafts of my affidavits.

As I stated in my voicemail to your partner, Pamela Perry, I am currently in trial and, therefore, out of my office. In my message to Ms. Perry, I left my cell phone number and told her to call me any time to discuss these matters. Again, if you have any further questions, please call me and I will be happy to discuss these issues further.

Sincerely,

GUSTAFSON GLUEK PLLC

Daniel E. Gustafson

DEG/rah

# Exhibit 12

HEINS MILLS & OLSON, P.L.C.
ATTORNEYS AT LAW

3550 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

SUSAN E. MACMENAMIN
SMACMENAMIN@HEINSMILLS.COM

September 13, 2004

**VIA FACSIMILE (305) 372-1861**
**and U.S. MAIL**
William J. Blechman
KENNY NACHWALTER
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

Dear Mr. Blechman:

I write in response to questions raised in your September 1, 2004 letter. As you know, my firm was copied on Joe Bruckner's September 13, 2004 letter to you which we received by fax earlier today. After reviewing that letter, it appears I am unable to provide you with any additional information. Nonetheless, I will confirm what is reflected in our files.

In response to your Question No. 1 regarding certain Daesang affidavits, our files reflect as follows:

- The First Affidavit of Y. K. Lee was notarized on October 22, 2002;
- The Third Affidavit of H. S. Jeon was notarized on October 21, 2002;
- The Third Affidavit of M.C. Kim was notarized on October 25, 2002;
- The Third Affidavit of H.C. Kwon was notarized on October 29, 2002;
- The Third Affidavit of Simon Oh was notarized on November 6, 2002.

Our files do not reflect the date on which the signed affidavits were received by Class Counsel. Class Counsel served the signed affidavits on opposing counsel on November 13, 2002, via hand delivery to Michael Lindsay of Dorsey & Whitney L.L.P. The affidavits were filed with the Court by Mr. Lindsay on November 21, 2002.

I have no information regarding your remaining Question Nos. 2 through 5.

Please contact me with any questions.

Sincerely,

HEINS MILLS & OLSON, P.L.C.

Susan E. MacMenamin

SEM/lkm

cc: W. Joseph Bruckner (via facsimile)
Daniel Gustafson (via facsimile)
Richard Pacella (via facsimile)
Alan Maclin (via facsimile)
W. Patrick Judge (via facsimile)

# Exhibit 13

LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
ATTORNEYS AT LAW

SUITE 2200
100 WASHINGTON AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55401-2179
TELEPHONE (612) 339-6900
FACSIMILE (612) 339-0981

SUITE 301
660 PENNSYLVANIA AVENUE, S.E.
WASHINGTON, D.C. 20003-4335
TELEPHONE (202) 544-9840
FACSIMILE (202) 544-9850

WWW.LOCKLAW.COM

ROBERT J. SCHMIT
RICHARD A. LOCKRIDGE
CHARLES N. NAUEN*
H. THEODORE GRINDAL
W. JOSEPH BRUCKNER
PATRICIA A. BLOODGOOD*
CHRISTOPHER K. SANDBERG
J. MICHAEL SCHWARTZ
HARRY E. GALLAHER
WILLIAM A. GENGLER
ERIC C. TOSTRUD
ROBERT K. SHELQUIST
HENRI G. MINETTE
GREGG M. FISHBEIN
SUSAN E. ELLINGSTAD
KAREN HANSON RIEBEL
JAMES M. GENIA
*ALSO ADMITTED IN WISCONSIN

OF COUNSEL
DANIEL A. FARBER**
ELIZABETH A. SNELSON
KATHLEEN F. YOUNG
MILDA K. HEDBLOM
BRADLEY W. ANDERSON
**ADMITTED IN WASHINGTON, D.C. ONLY

CHRISTIAN M. SANDE
HEIDI M. DREWES-SILTON
GREGORY J. MYERS
YVONNE M. FLAHERTY
RACHEL C. DELICH
DARLA JO BOGGS
MATTHEW R. SALZWEDEL
SUNNY H. KIM***
DAVID J. ZOLL
MARY E. BRIEDÉ
***ADMITTED IN MASSACHUSETTS AND NEW YORK ONLY

GOVERNMENT RELATIONS†
DENNIS M. MCGRANN††
KATHLEEN K. MICHELETTI†††
ALLYSON J. HARTLE
REBECCA K. KLETT
RACHEL R. ZAGRABELNY
MARA B. HUMPHREY
NORA C. STEWART
ANDREW M. TANTILLO
JENNIFER A. SWEENEY
† NON-ATTORNEY LOBBYISTS
†† DIRECTOR OF FEDERAL PUBLIC AFFAIRS
††† MANAGER OF STATE GOVERNMENT RELATIONS

September 13, 2004

**VIA FACSIMILE (305) 372-1861**
**AND U.S. MAIL**

Mr. William J. Blechman
KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327

Re: In re MSG Antitrust Litigation
MDL 00-1328

Dear Bill:

In response to your letter dated September 1, 2004, we respond as follows:

Response to Question No. 1:

1. The First Affidavit of Y.K. Lee was notarized on October 22, 2002;
2. The Third Affidavit of H.S. Jeon was notarized on October 21, 2002;
3. The Third Affidavit of M.C. Kim was notarized on October 25, 2002;
4. The Third Affidavit of H.C. Kwon was notarized on October 29, 2002; and
5. The Third Affidavit of Simon Oh was notarized on November 6, 2002.

With regard to all the above mentioned affidavits, we do not have a record in our file of when we received these affidavits in our office. We served all of the above referenced affidavits on Michael Lindsay of Dorsey & Whitney L.L.P. on November 13, 2002. Michael Lindsay then

filed all the completed briefs and attached materials, including the signed affidavits referenced above, with the Court on November 21, 2002.

Response to Question No. 2:

We received the following documents via email from W. Patrick Judge:

*From the February 20, 2004 filing*:

1. Notice of Motion and Motion to Enforce Settlement Agreement.

*From the May 7, 2004 filing*:

1. Memorandum in Support of Motion to Enforce Settlement Agreement;
2. Affidavit of Richard B. Pacella;
3. Affidavit of W. Joseph Bruckner;
4. Affidavit of Daniel E. Gustafson;
5. Affidavit of W. Patrick Judge;
6. Proposed Findings of Fact, Conclusions of Law and Order, Certificate of Service and Court filing letter; and
7. Plaintiffs' Memorandum in Opposition to the Daesang Defendant's Motion to Enforce Settlement.

*From the June 25, 2004 filing*:

1. Affidavit of William J. Blechman;
2. Appendix of documents in support of the Affidavit of William J. Blechman;
3. Appendix of Unpublished Opinions (A-F);
4. Court filing letter; and
5. Letter to Judge Magnuson enclosing copies of the filing.

Response to Question No. 3:

No.

Response to Question No. 4:

No.

Response to Question No. 5:

We have no drafts. With regard to my first affidavit, I received and reviewed a draft of the affidavit from Daesang's counsel, suggested a few minor non-substantive edits, signed the final version and kept a copy of only the signed version. With regard to the second affidavit, I reviewed the affidavit in person with Daesang's counsel, signed the final version of the affidavit and kept a copy of only the signed version.

I hope this answers your questions. Please contact me if you require additional non-privileged information.

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

Sincerely,

Joe Bruckner

W. Joseph Bruckner

HMD/jmj

cc: Samuel Heins (via facsimile and U.S. mail)
Daniel Gustafson (via facsimile and U.S. mail)
Richard Pacella (via facsimile and U.S. mail)
Alan Maclin (via facsimile and U.S. mail)
W. Patrick Judge (via facsimile and U.S. mail)
Richard A. Lockridge