**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IN RE: MONOSODIUM GLUTAMATE ANTITRUST LITIGATION** **MDL NO. 00-1328 (PAM/JGL)**

This Document Relates To:

*Conopco, Inc., et al. v. Daesang Japan, Inc., et al., Case No. 02 CV 9832 (SKW)*

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE DAESANG DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**

---

Plaintiffs' Sur-Reply Memorandum rehashes flawed arguments which plaintiffs have floated before, and requires only this short response.

## I. THIS COURT'S EQUITABLE POWER TO RESOLVE THE MOTION TO ENFORCE SETTLEMENT AGREEMENT CANNOT BE DOUBTED.

In their Sur-Reply, plaintiffs agree that this court has jurisdiction to enforce a settlement between the parties (see Sur-Reply Memorandum at 2, n.2). Plaintiffs further say they will "abide by any procedural vehicle this Court deems fitting." *Id.* Nonetheless, plaintiffs go to great length exploring an unpublished district court decision not cited by any other court, *Walls v. International Paper*, 2000 WL 360115 (D. Kan. 2000), in which the court simply declined to *summarily* enforce, on the basis of a simple motion apparently presented to the court without witness affidavits or in contemplation of an evidentiary hearing. The *Walls* case is unremarkable in light of the fact that district courts have, in the words of the Eight Circuit, "considerable discretion in determining the procedure appropriate to a motion to compel settlement." *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999)(citations omitted). Once again, plaintiffs ignore the

fact that the *Walls* court granted the defendants' motion for leave to plead the alleged settlement as an affirmative defense, the resolution of which was left for later proceedings. *See Walls*, 2000 WL 360115 at *4. Thus, plaintiffs' suggestion that the Court should not resolve this motion because of some precedent from the *Walls* case is completely without merit.

More fundamentally, plaintiffs completely ignore this Court's power, as a court of equity, to determine the existence of a settlement agreement and enforce it accordingly. "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). Where a defendant raises the defense of settlement, that defense is properly resolved by the court in an evidentiary hearing, separately from plaintiffs' substantive claims. *See American Airlines, Inc. v. City of Philadelphia*, 414 F. Supp. 1226, 1232 (E.D. Pa. 1976). In light of the equitable nature of a court's power to enforce settlement agreements, it makes no difference whether the settlement was reached while the court was presiding over the case, or not. *See Weinberg v. Lozman*, 364 So.2d 841, 842-43 (Fla. Dist. Ct. App. 1978).

## II. <u>PLAINTIFFS' ARGUMENTS CONCERNING THE SIGNING OF THE "DAESANG AFFIDAVITS" ARE IRRELEVANT AND THE UNDERLYING FACTS HAVE BEEN FULLY SET FORTH IN DAESANG'S MOTION PAPERS</u>

Plaintiffs complain there has been a "post-briefing revelation" that the signature pages to the affidavits Daesang provided to MDL Class Counsel ("Affidavits") were turned over to Class Counsel after Daesang was "informed … that there was no agreement". Plaintiffs further argue this “revelation” is somehow relevant to Daesang’s motion to enforce its settlement with plaintiffs. (Sur-Reply at 3). Plaintiffs’ counsel, Mr. Blechman, did not have the right to change reality by “informing” Daesang that there was no settlement when in fact an agreement had already been reached on October 18, 2002, as attorneys Pacella, Bruckner and Gustafson have detailed in the affidavits they have submitted to the Court, and as demonstrated by the fact that

the Affidavits were provided in reliance thereon to Class Counsel on October 18, 2002. Because there *was* an agreement, Daesang provided the Affidavits to the MDL Class Counsel, and later provided signature pages for the Affidavits as it had agreed to do. *See* Reply Memorandum in Support of Motion to Enforce Settlement at 17-18. Daesang was not about to renege on its commitment to provide the Affidavits to Class Counsel merely because Unilever was reneging on its agreement with Daesang, especially considering the disruption that would have resulted since the unsigned Affidavits had already been used by Class Counsel in connection with Cheil's summary judgment motion. See Daesang Reply Memorandum at 17-18.

Plaintiffs' Sur-Reply arguments are erroneous. First, the fact that the signature pages were provided later, after Mr. Blechman refused to honor the settlement, is not relevant to the question of whether a settlement agreement previously existed. Furthermore, it is not relevant to the reliance aspect of Daesang's promissory estoppel claim, because Daesang committed to provide Class Counsel with the Affidavits in reliance on the settlement agreement which had been reached, and the material in the Affidavits had already been used in Class Counsel's summary judgment briefs on October 18, 2002.

Second, plaintiff's suggestion that there has been a recent "revelation" is demonstrably false. When it filed this motion on May 7, 2004, Daesang laid out the procedural history of the preparation, service and filing of the Affidavits, including the fact that on October 18, 2002, Daesang gave the MDL Class Counsel permission to serve the Affidavits on Cheil, that Class Counsel did so that same day, and that Daesang *later* provided signed and notarized Affidavits for filing with the Court. *See* Memorandum in Support of Motion to Enforce Settlement at 7 n. 18; Affidavit of Richard Pacella at ¶12; Affidavit of W. Joseph Bruckner at ¶9; Affidavit of Daniel E. Gustafson at ¶9. Daesang's filings explained that it became clear that plaintiffs'

counsel was reneging on the settlement agreement shortly after it was reached, *i.e.* on or around *October 22, 2002*. *See* Memorandum in Support of Motion to Enforce at 11-12; Supplemental Affidavit of Richard Pacella at ¶¶ 32-33. Thus, plaintiffs can hardly claim it is a "revelation" that Daesang made good on its agreement to provide the signature pages to Class Counsel despite plaintiffs' refusal to honor their settlement with Daesang.

DATED: December 21, 2004.

**BRIGGS AND MORGAN, P.A.**

By s/ W. Patrick Judge
Alan H. Maclin (#66102)
W. Patrick Judge (#202721)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

**AND**

**LAW OFFICES OF RICHARD B. PACELLA**
Richard B. Pacella
Three New York Plaza
New York, NY 10004
(212) 509-4600

**ATTORNEYS FOR DEFENDANT DAESANG AMERICA, INC.**