# Exhibit 3
# to
# Declaration of
# David B. Reece

M.A.L. - COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Monosodium Glutamate Antitrust Litigation

MDL 00-1328

**PRETRIAL ORDER NO. 2**

---

Having considered the comments and proposals of the parties presented at the Rule 16 hearing held on May 11, 2000, the Court hereby ORDERS the following:

I. **Pretrial Consolidation.** Until further Order of the Court, the following cases are consolidated for pretrial purposes. This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

A. Y. Hata & Co., Ltd. v. Ajinomoto U.S.A., Inc. et al., Civ. No. CV 00-0184 (E.D.N.Y.);

B. M. Phil Yen, Inc. v. Ajinomoto U.S.A., Inc. et al., Civ. No. 99-6114 (E.D.N.Y.);

C. Thorp, Inc. v. Archer Daniels Midland Co. et al., Civ. No. 3:1999-cv-04752 (N.D. Cal.);

D. Premium Ingredients, Ltd. v. Archer Daniels Midland Co., Civ. No. 3:1999-cv-04742 (N.D. Cal.);

MAY 15 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

E. Felbro Food Products, Inc. v. Ajinomoto U.S.A., Inc. et al., Civ. No. 3:1999-cv-04761 (N.D. Cal.);

F. First Spice Mixing Co. v. Archer Daniels Midland Co. et al., Civ. No. 3:1999-cv-04977 (N.D. Cal.);

G. Diversified Foods and Seasonings, Inc. v. Archer Daniels Midland Co., Civ. No. 2:99-cv-05501 (D. N.J.),

H. Chicago Ingredients, Inc. v. Archer Daniels Midland Co., Civ. No. C-00-0308 (N.D. Cal.)

**A. Master Docket and File.** The Clerk will maintain a master docket and case file titled "In re: Monosodium Glutamate Antitrust Litigation," master file number MDL 00-1328. All orders, pleadings, motions, and other documents will, when filed and docketed in the master file case, be deemed filed and docketed in each individual case to the extent applicable.

**B. Captions; Separate Filing.** Orders, pleadings, motions, and other documents will bear a caption similar to that of this Order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and will be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and extra copies shall be provided to the Clerk of Court to facilitate filing and docketing both in the master case file and the individual case file.

**C. Discovery Requests and Responses.** Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court, or to the extent offered in connection with a motion.

## II. Organization of Counsel.

**A. Plaintiffs' Counsel.** To act on behalf of Plaintiffs, the Court designates the following as Co-Lead Counsel:

Richard A. Lockridge
W. Joseph Bruckner
Heidi M. Drewes-Silton
Lockridge Grindal Nauen P.L.L.P.
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401

Samuel D. Heins
Daniel E. Gustafson
Heins, Mills & Olson, P.L.C.
700 Northstar East
608 Second Ave. S.
Minneapolis, MN 55402

Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings and shall:

1. Determine (after such consultation with other co-counsel as appropriate) and in briefs, oral argument, or such other fashion as may be appropriate present to the Court and opposing parties the position of the Plaintiffs on all matters arising during the pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

3. Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

4. Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for Plaintiffs is conducted effectively, efficiently, and economically;

5. Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

6. Prepare and distribute to the parties periodic status reports;

7. Maintain adequate time and disbursement records covering services as lead counsel;

8. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. Maintain and distribute to co-counsel and to Defendants' Liaison counsel an up-to-date service list;

10. Receive and, as appropriate, distribute to co-counsel orders from the Court, and documents from opposing parties and counsel;

11. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

12. Establish and maintain a document depository; and

13. Perform other such duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further Order of the Court.

**B. Plaintiffs' Executive Committee.** On or before **May 31, 2000**, Plaintiffs shall submit to the Court proposals for the composition of Plaintiffs' Executive Committee The members of Plaintiffs' Executive Committee shall from time to time consult with Plaintiffs' Lead Counsel in coordinating Plaintiffs' pretrial activities and in planning for trial.

**C. Defendants' Counsel.** Given the relatively small number of Defendants in this matter, Defendants have requested the Court appoint only Co-Liaison Counsel. Accordingly, the Court designates the following as Defendants' Co-Liaison Counsel

Michael A. Lindsay
Dorsey & Whitney LLP
Pillsbury Center South
220 South Sixth St.
Minneapolis, MN 55402-1498

Joseph T. Dixon, Jr.
Henson & Efron, P.A.
400 Second Ave. S., Suite 1200
Minneapolis, MN 55401

Defendants' Liaison Counsel shall:

1. Coordinate (after such consultation with other co-counsel as appropriate) the initiation and conduct of discovery on behalf of Defendants consistent with the requirements of Fed. R. Civ. P. 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

2. Delegate specific tasks to other counsel (after such consultation with o her co-counsel as appropriate) in a manner to ensure that pretrial preparation for the Defend nts is conducted effectively, efficiently, and economically;

3. Enter into stipulations (after such consultation with other co-couns l as appropriate) with opposing counsel, necessary for the conduct of the litigation;

4. Receive and, as appropriate, distribute to co-counsel orders from the C urt and documents from opposing parties and counsel;

5. Maintain and distribute to co-counsel and to Plaintiffs' Lead Couns l an up-to-date service list; and

6. Perform other such duties as may be incidental to proper coordinatic n of Defendants' pretrial activities or authorized by further Order of the Court.

**III. Service of Documents.**

**A. Orders.** A copy of each Order will be provided to Plaintiffs' Lead Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and parti s.

**B. Pleadings, Motions, and Other Documents.** Plaintiffs' Lead Counse will be provided with 2 copies of each such document filed by a party; Defendants' Liaison Cou sel shall be provided with 2 copies as well. Pursuant to Fed. R. Civ. P. 5, service on Plaint ffs' Lead Counsel constitutes service on other attorneys and parties for whom Lead Couns l is acting, such service being deemed effective seven days after service on Lead Counse .

**IV. Refinement of Issues.**

**A. Consolidated Complaint.** Plaintiffs shall file and serve on the domestic Defendants a Consolidated Complaint on or before **June 1, 2000.** The domestic Defendants shall Answer, Move, or Respond to the Consolidated Complaint on or before **July 1, 2000.**

**B. Amendment to Pleadings.** The parties shall join any additional parties, and may otherwise amend the pleadings, on or before **September 1, 2000.** Except for good cause shown, no additional parties may be joined as Plaintiff, Defendant, or Third-Party Defendant after this time.

**C. Service on Foreign Defendants.** Service shall be made on foreign Defendants pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (where applicable). Plaintiffs shall initiate service on foreign Defendants on or before **June 1, 2000**, and shall complete service on foreign Defendants on or before **December 1, 2000,** unless the process used to secure foreign service, through no fault of the Plaintiffs, necessitates a longer period of time.

**D. Class Certification Motions.** Plaintiffs will file on or before **September 1, 2000**, any motions seeking class certification (including expert reports), identifying the class(es) for which certification is sought, detailing the facts on which satisfaction of the requirements of Fed. R. Civ. P. 23 is asserted, and describing what and how notice will be given to class members. Defendants will file on or before **October 15, 2000**, any objections to class certification (including expert reports), specifying with particularity the factual and

legal basis of their objection and identifying any facts on which an evidentiary dispute exists. Plaintiffs' response (including rebuttal expert reports) must be filed on or before **December 1, 2000**. Defendants' may file a reply memorandum related directly to the material contained in the reports of Plaintiffs' rebuttal experts on or before **December 15, 2000**. The Court will hear Plaintiffs' motion(s) at a time to be determined later.

**V. Discovery.**

**A. Schedule.** All discovery (including Interrogatories, Document Production, Requests for Admission and Depositions) relating to both class certification and the merits of this dispute shall commence immediately. All discovery shall be completed on or before **June 1, 2001**.

**1. Expert Reports on Merits.**

**a. Plaintiffs.** Plaintiffs shall file any expert reports relating to the merits of this case on or before **May 1, 2001**. Plaintiffs are directed to comply with the provisions of Fed. R. Civ. P. 26(a)(2) regarding expert discovery and disclosures.

**b. Defendants.** Defendants shall file any expert reports relating to the merits of this case on or before **June 1, 2001**. Defendants are directed to comply with the provisions of Fed. R. Civ. P. 26(a)(2) regarding expert discovery and disclosures.

**c. Plaintiffs' rebuttal witnesses.** Plaintiffs are to file any expert reports rebutting the conclusions of Defendants' expert witnesses on or before **July 1, 2001**.

**2. Deposition of Expert Witnesses.**

**a. Defendants' deposition of Plaintiffs' experts.** Defendants shall depose Plaintiffs' expert witnesses, if desired, on or before **July 1, 2001**. Plaintiffs shall make their experts available to Defendants for deposition at a reasonable time.

**b. Plaintiffs' deposition of Defendants' experts.** Plaintiffs shall depose Defendants' expert witnesses, if desired, on or before **August 1, 2001**. Defendants shall make their experts available to Plaintiffs for deposition at a reasonable time.

**B. Limitations and Conduct of Discovery.** Plaintiffs' Lead Counsel and Defendants' Liaison Counsel should forthwith meet and discuss the manner in which discovery shall be taken, including but not limited to the number of depositions and expert depositions contemplated, the number of interrogatories requested, and provisions for the identification and production of documents. Counsel should use their best efforts to reach consensus on these issues. The parties shall submit to the Court a report on the status of these issues on or before **May 31, 2000.**

**VI. Motion Practice.**

**A. Nondispositive Motions.** All nondispositive motions not discussed above shall be filed and served on or before **May 1, 2001.**

**B. Dispositive Motions.** All dispositive motions shall be filed and served on or before **August 1, 2001**. The Court will establish a briefing schedule when a motion is filed.

Dated: May 12, 2000

Paul A. Magnuson
United States District Court Judge