# Exhibit 7
# to
# Declaration of
# David B. Reece

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MONOSODIUM GLUTAMATE ANTITRUST LITIGATION** | MDL DOCKET NO. 00-1328 |
| This document relates to: | |
| *Inquivosa S.A., et al. v. Ajinomoto Company, et al., and* | C.A. No. 03-2997 (D. Minn.) |
| *Newco Trading Company v. Ajinomoto Company, Inc., et al.* | C.A. No. 03-CV-8217 (S.D.N.Y.) |

**RESPONSE OF DEFENDANTS CJ AMERICA, INC. AND DAESANG AMERICA, INC. TO MOTION OF PLAINTIFF NEWCO TRADING COMPANY FOR TRANSFER OF CASES TO AND CONSOLIDATION IN THE SOUTHERN DISTRICT OF NEW YORK**

In accordance with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants CJ America, Inc. ("CJ America") and Daesang America, Inc. ("Daesang America") respectfully submit this Response to Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York ("the Motion"). For the reasons set forth in the following Responses, and as described more fully in the

accompanying Brief of Defendants CJ America, Inc. and Daesang America, Inc. in Opposition to Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York, CJ America and Daesang America request that the Motion be denied.

1. CJ America and Daesang America admit that there have been two class action antitrust complaints filed on behalf of foreign purchasers alleging a worldwide conspiracy to fix prices and allocate markets for food flavor enhancers and that Plaintiff's Schedule of Actions sets forth the caption of those cases, the district in which each case is pending, the civil action number of each case, and the judge assigned to each case. CJ America and Daesang America aver, however, that Plaintiff's Schedule of Actions does not reflect each action involved with these cases because it does not include the name and other pertinent information of all pending actions that are part of MDL No. 1328. Likewise, CJ America and Daesang America note that one of the actions previously consolidated by the Panel into MDL No. 1328 (*Conopco, Inc. v. Daesang Japan, Inc., et al*) also primarily involves claims made on behalf of foreign direct purchasers.
2. CJ America and Daesang America admit the averments contained in paragraph 2.
3. CJ America and Daesang America admit the averments contained in paragraph 3.
4. CJ America and Daesang America admit the averments contained in paragraph 4.
5. CJ America and Daesang America admit that *Inquivosa, S.A., et al. v. Ajinomoto Co., Inc., et al.*, C.A. No. 03-2997 (D. Minn.) (hereinafter "*Inquivosa*"), which has been consolidated into MDL No. 1328, and *Newco Trading Co. v. Ajinomoto Co., Inc., et al.*, C.A. No. 03-CV-8217 (S.D.N.Y.) (hereinafter "*Newco*"), involve common issues of fact

with the other actions pending in MDL No. 1328. CJ America and Daesang America further aver that the Judicial Panel on Multidistrict Litigation (hereinafter "the Panel") has issued a Conditional Transfer Order that conditionally transfers *Newco* to MDL No. 1328 in the District of Minnesota. *See* Conditional Transfer Order (CTO-6) *In re Monosodium Glutamate Antitrust Litig.* (Docket No. 1328) (filed with J.P.M.L. Clerk's Office on Jan. 21, 2004), Ex. 40 to Def.'s Brief in Support of this Resp. Otherwise, CJ America and Daesang America deny the averments contained in paragraph 5.

6. CJ America denies that its corporate headquarters is located in or near the Southern District of New York. CJ America avers that it is headquartered in California. CJ America admits that it has an office in the state of New Jersey. Otherwise, CJ America lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6, and on this basis denies those allegations. Daesang America admits only that its headquarters are in Hackensack, New Jersey, and avers that defendants Daesang Corporation and Daesang Japan, Inc. are headquartered in South Korea and Japan, respectively, and that, to the best of its knowledge, information and belief no other defendant in this action is headquartered in or near the Southern District of New York.

7. CJ America and Daesang America deny the averments of Paragraph 7 to the extent they assert that the Southern District of New York is more accessible to these defendants or their parent companies. Moreover, CJ America and Daesang America aver that the Panel, in its initial March 2, 2000 transfer order, has already held that the District of Minnesota is a convenient forum for the parties and witnesses in actions concerning

whether defendant manufacturers participated in a conspiracy to fix prices and allocate markets for monosodium glutamate (MSG), disodium inosinate (DSI), and disodium guanylate (DSG) in violation of Section 1 of the Sherman Act. CJ America and Daesang America further aver that the Panel recently re-affirmed that holding when it transferred *Conopco, Inc. v. Daesang Japan, Inc., et al.*, C.A. 1:02-9832 (S. D. N. Y.), a case also involving foreign plaintiffs (in addition to domestic direct purchasers), and primarily involving foreign purchases, to the District of Minnesota. *See* Transfer Order *In re Monosodium Glutamate Antitrust Litig.* (Docket No. 1328) (filed with J.P.M.L. Clerk's Office on June, 16, 2003) ("transfer of the action to the District of Minnesota … will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."). Otherwise, CJ America and Daesang America deny the averments contained in paragraph 7.

8. The statistical information submitted by Plaintiff speaks for itself. To the extent the phrase "lighter caseload" can be subject to multiple interpretations, CJ America and Daesang America lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8, and on this basis deny those allegations. CJ America further denies that the District of Minnesota's caseload precludes it from expeditiously managing this litigation and notes that the median time from filing to disposition in the Southern District of New York increased from 2002 to 2003 and is higher than the District of Minnesota, whereas the median time in the District of Minnesota decreased in 2003. Likewise, the percentage of civil matters over three years old is 9.2% in the Southern District of New York and .4% in the District of Minnesota.

9. CJ America and Daesang America deny the averments contained in paragraph 9. CJ America and Daesang America aver that, as the Panel has previously concluded, the District of Minnesota is a convenient forum for cases arising from the alleged international conspiracy in the food flavor enhancer industry. CJ America and Daesang America further aver that *Inquivosa* was filed in the District of Minnesota and then consolidated into MDL No. 1328 under the local rules of that District. Ex. 34 to Def.'s Brief in Support of this Resp. CJ America and Daesang America aver that *Inquivosa* should remain in the District of Minnesota and not be transferred to the Southern District of New York. CJ America and Daesang America further aver that, on January 21, 2004, the Panel issued a Conditional Transfer Order that, once effective, will transfer *Newco* to the District of Minnesota as part of MDL No. 1328. Ex. 40 to Def.'s Brief in Support of this Resp. CJ America and Daesang America aver that *Newco* should be transferred to the District of Minnesota as part of MDL No. 1328 to serve the convenience of the parties and witnesses and to serve the interests of judicial efficiency.

WHEREFORE, for the reasons set forth above and in CJ America and Daesang America's Brief in Opposition to Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York which are incorporated herein, Defendants CJ America and Daesang America respectfully move the Judicial Panel on Multidistrict Litigation to deny the Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York.

Dated: February 17, 2004. Respectfully submitted,

Barry F. McNeil
Texas State Bar No. 13829500
Ronald W. Breaux
Texas State Bar No. 02937200
David B. Reece
Texas State Bar No. 24002810
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, TX 75202-3789
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANT CJ AMERICA, INC.**

**LAW OFFICES OF RICHARD B. PACELLA**
Richard B. Pacella, Esq.
Three New York Plaza
New York, NY 10004
Tel.: (212) 509-4600
Fax: (212) 509-0406

Alan H. Maclin
W. Patrick Judge
**BRIGGS AND MORGAN, P.A.**
2200 First National Bank Building
Saint Paul, Minnesota 55101
Tel.: (651) 223-6600
Fax: (651) 223-6450

**ATTORNEYS FOR DEFENDANT DAESANG AMERICA, INC.**

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE MONOSODIUM GLUTAMATE ANTITRUST LITIGATION** | ) ) ) ) ) ) | MDL DOCKET NO. 00-1328 |

This document relates to:

| | |
|---|---|
| *Inquivosa S.A., et al. v. Ajinomoto Company, et al., and* | C.A. No. 03-2997 (D. Minn.) |
| *Newco Trading Company v. Ajinomoto Company, Inc., et al.* | C.A. No. 03-CV-8217 (S. D. N. Y.) |

**PROOF OF SERVICE**

I, David B. Reece, hereby certify that true and correct copies of (1) the Response of Defendants CJ America, Inc. and Daesang America, Inc. to Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York, (2) the Brief in Support of Defendants' Response, and (3) the Appendix to the Brief in Support of Defendants' Response containing 40 Exhibits, were filed with the Clerk of the Judicial Panel on Multidistrict Litigation and served by mail upon the attached Panel Service List, and upon the following:

J. Michael McMahon, Clerk of Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Clerk of Court
District of Minnesota
700 Federal Building
316 North Robert Street
St. Paul, Minnesota 55101

Dated: February 16, 2004.

David B. Reece
Texas State Bar No. 24002810
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, TX 75202-3789
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR DEFENDANT CJ AMERICA, INC.**

PANEL SERVICE LIST
DOCKET NO. 1328
IN RE MONOSODIUM GLUTAMATE ANTITRUST LITIGATION

*Inquivosa SA, et al. v. Ajinomoto Co., Inc., et al.*, D. Minnesota, C.A. No. 0:03-2997
*Newco Trading Co. v. Ajinomoto Co., Inc., et al.*, S.D. New York, C.A. No. 1:03-8217

Lawrence Byrne
White & Case, LLP
1155 Avenue of the Americas
New York, NY 10036-2787

Martin D. Chitwood
Chitwood & Harley
1230 Peachtree St., N.E.
Suite 2300, Promenade II
Atlanta, GA 30309

Joseph T. Dixon, Jr.
Henson & Efron
200 South Sixth Street
Suite 1800
Minneapolis, MN 55402

Marc H. Edelson
Hoffman & Edelson
45 W. Court Street
Doylestown, PA 18901-4223

Paul Thomas Gallagher
Cohen, Milstein, Hausfeld & Toll
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964

Joseph Goldberg
Freedman, Boyd, Daniels, *et al.*
20 First Plaza
Suite 700
Albuquerque, NM 87102

Steven J. Greenfogel
Meredith, Cohen, Greenfogel
& Skirnick, P.C.
117 South 17th Street
22nd Floor – Architects Building
Philadelphia, PA 19103

Mark Adam Griffin
Keller & Rohrback
1201 Third Avenue
Suite 3200
Seattle, WA 98101-3052

Samuel D. Heins
Heins, Mills & Olson, PLC
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Steven A. Kanner
Much, Shelist, Freed, *et al.*
191 North Wacker Drive
Suite 1800
Chicago, IL 60606-1615

Robert N. Kaplan
Kaplan Fox & Kilsheimer, LLP
805 Third Avenue
22nd Floor
New York, NY 10022

Michael R. Lazerwitz
Cleary, Gottlieb, Steen & Hamilton
2000 Pennsylvania Avenue, N.W.
Suite 9000
Washington, DC 20006-1801

Michael A. Lindsay
Dorsey & Whitney
50 6th Street South, Suite 1500
Minneapolis, MN 55402-1498

Richard A. Lockridge
Lockridge, Grindal & Nauen
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

Barry F. McNeil
Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, TX 75202

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll
150 East 52nd Street
30th Floor
New York, NY 10022-6017

Richard B. Pacella
Vincenti & Vicenti
Three New York Plaza
New York, NY 10004

Joseph M. Patane
Law Offices of Joseph Patane
2280 Union Street
San Francisco, CA 94123

Donald L. Perelman
Fine, Kaplan & Black, RPC
1845 Walnut Street
Suite 2300
Philadelphia, PA 19103

David B. Reese
Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, TX 75202

Ira N. Richards
Trujillo, Rodriguez & Richards, LLC
The Penthouse
226 W. Rittenhouse Square
Philadelphia, PA 19103

Gerald J. Rodos
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Andrew B. Sacks
Sacks, Weston, Smolinsky, Albert
& Luber
510 Walnut Street, Suite 400
Philadelphia, PA 19106

Guido Saveri
Saveri & Saveri, Inc.
111 Pine Street
Suite 1700
San Francisco, CA 94111

Howard J. Sedran
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

Jared B. Stamell
Stamell & Schager, LLP
One Liberty Plaza
35th Floor
New York, NY 10006-1404

A. Paul Victor
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153