# Exhibit 10
# to
# Declaration of
# David B. Reece

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE MONOSODIUM GLUTAMATE ANTITRUST LITIGATION | MDL Docket No. 00-1328 |

**MEMORANDUM IN OPPOSITION TO MOTION OF PLAINTIFF NEWCO TRADING COMPANY FOR TRANSFER OF CASES TO AND CONSOLIDATION IN THE SOUTHERN DISTRICT OF NEW YORK**

Dated: February 16, 2004

**HEINS MILLS & OLSON, P.L.C.**
Samuel D. Heins (#43576)
Susan E. MacMenamin (#304396)
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-4605

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Richard A. Lockridge (#64117)
W. Joseph Bruckner (#147758)
Heidi M. Drewes-Silton (#025759X)
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
(612) 339-6900

**Counsel for the Inquivosa Plaintiffs**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. The Domestic Direct Purchaser Class Actions. .......... 2

B. The Indirect Purchaser Class Actions .......... 4

C. The Conopco Action .......... 4

D. The Foreign Purchaser Class Actions .......... 5

III. ARGUMENT .......... 6

A. Transfer is proper because this case involves significant overlap with several questions of fact present in the previously transferred cases which have been pending for over three years. .......... 6

B. Transfer is proper because it will promote the just and efficient conduct of both this case and the litigation currently before the District of Minnesota. .......... 9

C. The "convenience of the parties and witnesses" is no different here than in the previously transferred cases. .......... 10

D. The District of Minnesota's Caseload Will Not Impact the Just and Efficient Conduct of These Actions. .......... 10

IV. CONCLUSION .......... 11

## TABLE OF AUTHORITIES

*In re Capital Underwriters, Inc. Securities Litig.*,
464 F. Supp. 955, 960 (J.P.M.L. 1979) 10

*In re Corrugated Container Antitrust Litig.*,
447 F. Supp 468, 471 (J.P.M.L 1978) 8

*In re Equity Funding Corp. of America Sec. Litig.*,
396 F. Supp. 1277, 1278 (J.P.M.L. 1985) 6, 7

*In re "Fine Paper" Antitrust Litig.*,
453 F. Supp. 118, 121 (J.P.M.L. 1978) 8

*In re Motion Picture Licensing Antitrust Litig.*,
479 F. Supp. 581 (J.P.M.L. 1979) 10

*In re Multidistrict Civil Antitrust Actions Involving Antibiodic Drugs*,
405 F. Supp. 1302, 1304 (J.P.M.L. 1976) 9

# I. INTRODUCTION

Plaintiffs Inquivosa S.A., Petbowe Chemtrade Corp., Plus Sun Co., Ltd. and Menssing Chemiehandel & Consultants GmbH (MCC) (the "Inquivosa Plaintiffs") submit this Memorandum in Response to the Motion of Plaintiff Newco Trading Company for Transfer of Cases to and Consolidation in the Southern District of New York. In order to avoid burdensome and duplicative discovery, the incurrence of unnecessary expenses and to prevent waste of judicial resources and inconsistent pretrial rulings, the Judicial Panel on Multidistrict Litigation (the "Panel") should deny the Newco Plaintiff's Motion.

The Inquivosa Plaintiffs do not oppose Newco's Motion to the extent it urges consolidation of the *Newco* and *Inquivosa* actions into a single forum for pretrial purposes. Inqiuvosa objects to the Newco Plaintiffs' choice of forum, the Southern District of New York. Instead, the only district that makes snese for the consolidation of these cases is the District of Minnesota, where the *Inquivosa* matter is currently pending and the *Newco* matter has been recently transferred by the Panel.

Several factors support the transfer to and consolidation of the cases in the District of Minnesota. The *Inquivosa* and *Newco* actions are the international direct purchaser antitrust class actions which are the direct corollary to the domestic purchaser antitrust class actions that this Panel previously transferred to the District of Minnesota and consolidated under the caption *In re Monosodium Glutamate Antitrust Litigation*, MDL No. 1328. The *Newco* action is but one of many recently-filed actions following the domestic direct purchaser actions, each of which – like the *Newco* action – this Panel has either conditionally or finally referred to the District of Minnesota for pretrial

45644

proceedings. Most recently, on June 16, 2003, the Panel transferred to the District of Minnesota from the Southern District of New York, *Conopco Inc. v. Daesang Japan, Inc. et al.*, No. 02-CV-9832, which primarily involves foreign purchases of MSG and nucleotides.

Both the foreign and domestic class actions arise out of the same price-fixing conspiracy by largely the same defendants. Hence, the foreign action will require judicial consideration of factual and legal questions which overlap significantly with those already considered and decided in the domestic direct purchaser case. The United States District Court for the District of Minnesota, former Chief Judge Paul A. Magnuson presiding, has acquired a level of knowledge and familiarity with this industry and litigation – as a result of its continued management of the litigation over the past three years – that will ensure the just and efficient conduct of the *Newco* and *Inquivosa* matters. Furthermore, the pretrial proceedings in the domestic transferee district cases are not complete (even in the domestic direct purchaser cases). In short, transfer to Minnesota would ensure the efficient use of both judicial and litigant resources.

## II. BACKGROUND

Six cases alleging antitrust violations by manufacturers of monosodium glutamate ("MSG") and nucleotides are now proceeding in the District of Minnesota. Below is a brief summary of their background.

### A. The Domestic Direct Purchaser Class Actions.

On March 2, 2000, the Panel consolidated and transferred six cases alleging a price-fixing conspiracy by international manufacturers of MSG and nucleotides to the District of Minnesota for pretrial proceedings, captioned *In Re Monosodium Glutamate*

*Antitrust Litigation* (MDL No. 1328). *See In Re MSG Complaint* attached herein. The alleged class period ran from as early as January 1, 1990 through November 1, 1999. The named defendants included Japanese manufacturer Ajinimoto Co., Inc. and its subsidiary Ajinomoto USA, Inc.; U.S. manufacturer Archer Daniels Midland Co.; Korean manufacturer Cheil Jedang Corporation and its U.S. subsidiary CJ America, Inc.; Daesang America, Inc., a subsidiary of Korean manufacturer Daesang Corporation; Japanese manufacturer Kyowa Hakko Kogyo Co., Ltd.; Japanese manufacturer Takeda Chemical Industries, Ltd. and its subsidiary Takeda Vitamin & Food USA, Inc. and Taiwanese manufacturer Tung Hai Industrial Fermentation Corp.

For over three years, Judge Paul A. Magnuson has supervised all pretrial proceedings with assistance from Special Master John Borg on discovery and settlement-related matters. Judge Magnuson and Special Master Borg have ruled on numerous complex matters throughout the course of pretrial litigation. Among the many issues which have arisen and been decided by the District of Minnesota court are: service of process issues involving overseas defendants; motions involving the length of the discovery period; procedures involving the taking of depositions of witnesses in foreign countries; the use of audio and videotapes from related cases; the default of defendant Tung Hai; a *Daubert* motion concerning econometric analysis of damages; summary judgment motions involving statute of limitations defenses, fraudulent concealment, the duration of the conspiracy; settlements with all named defendants except Tung Hai; and administration of settlement distribution which has not yet commenced.

### B. The Indirect Purchaser Class Actions

In October 2002, the *Four B Corp. et al. v. Archer Daniels Midland Co., Inc. et al.* complaint, attached herein, was filed on behalf of indirect purchasers of MSG and nucleotides flowing from the same price-fixing conspiracy alleged in the direct purchaser actions discussed above. The *Four B* litigation was initially filed in Kansas state court, and conditionally transferred to the District of Minnesota on March 4, 2003 after being removed to the District of Kansas. A conditional transfer order became final on March 17, 2003.

In November 2002, another indirect purchaser action captioned, *Madelon J. Lief, et al. v. Archer Daniels Midland Co., et al.*, attached herein, was filed in Wisconsin state court. On April 18, 2003 the MDL Panel conditionally transferred the *Lief* action to the District of Minnesota. The conditional transfer order became final on May 21, 2003.

The indirect purchaser actions are in the early stages of pre-trial litigation. A status hearing was held before Judge Magnuson recently on January 28, 2004.

### C. The Conopco Action

In December 2002, *Conopco, Inc.*, an opt-out plaintiff from the domestic direct purchaser action, filed a complaint in the Southern District of New York on behalf of 42 other entities, most located outside the U.S. *See Conopco Complaint* attached herein. The action alleges an international price-fixing conspiracy involving the same alleged co-conspirators named in the direct and indirect purchaser actions, although not all the alleged conspirators are named as defendants. The *Conopco* action includes both foreign and domestic purchases of MSG and nucleotides, however, the foreign purchases appear to constitute the bulk of purchases.

The *Conopco* action was transferred to the District of Minnesota pursuant to Conditional Transfer Order No. 4 dated March 21, 2003. The *Conopco* Plaintiffs filed a motion to vacate the transfer order which was denied on June 16, 2003. Like the indirect purchaser actions, the *Conopco* case is in the early stages of pre-trial litigation.

**D. The Foreign Purchaser Class Actions**

On May 1, 2003, the *Inquivosa S.A. et al. v. Ajinimoto Co. Inc., et al.* complaint was filed in the District of Minnesota.[1] *See Inquisova Complaint*, attached to Newco's Motion. The *Inquivosa* Plaintiffs are foreign companies seeking to represent a class of entitites who purchased MSG or nucleotides outside the U.S. from as early as 1984 through 1999. Plaintiffs' allegations involve the same international price-fixing conspiracy as alleged in the domestic direct purchaser and indirect purchaser actions. Because the action was filed in the transferee court, no action was required by the Panel. *See* MDL Rule 7.5(a).

Over five months from the filing of the *Inquivosa* action, on October 16, 2003, the *Newco Trading Co. v. Ajinimoto Co., Inc. et al.* complaint was filed in the Southern District of New York. *See Newco Complaint* attached to Newco's Motion. The *Newco* complaint alleges substantially similar facts and claims as the *Inquivosa* matter, claiming damages as a result of an international price-fixing conspiracy from as early as 1984 through 1999.

The *Inquivosa* and *Newco* complaints name the same defendants – Ajinimoto Company, Inc., Orsan S.A., Cheil Jedang Corp., C.J. America, Inc., Miwon Company Ltd., Daesang America, Inc., Takeda Chemical Industries Ltd., Kyowa Hakko Kogyo

[1] Counsel for the *Inquivosa* Plaintiffs is the same counsel appointed by the District of Minnesota as co-lead plaintiffs' counsel in the domestic direct purchaser class action.

Co., Ltd. and Tung Hai Fermentation Industrial Corp. – with one exception: the *Newco* Plaintiff names as a Defendant Kyowa Hakko USA, Inc. The *Inquivosa* Plaintiffs do not. See *Newco* Complaint, ¶ 15. The named defendants in both foreign complaints are substantially the same companies named in the domestic direct purchaser actions. The only difference is that the foreign purchaser actions do not list Archer Daniels Midland, or Ajinimoto USA, Inc. and Takeda Vitamin & Food USA, Inc., the U.S. subsidiaries of named defendants, Ajinimoto Co. and Takeda Chemical. In addition, the foreign cases name Orsan S.A., which was not named in previous complaints, although Orsan was identified by Plaintiffs in the initial domestic direct purchaser class action as an alleged co-conspirator.

On January 21, 2004, the MDL Panel issued a Conditional Transfer Order (CTO-6) with respect to *Newco Trading Co. v. Ajinimoto Co., Inc., et al.*, transferring that case to the District of Minnesota for pretrial proceedings. The Newco Plaintiffs served the instant Motion to transfer both cases to the S.D.N.Y. on January 20, 2004, the day before the Panel issued CTO-6, and have since then filed a Motion to Vacate CTO-6.

## III. ARGUMENT

### A. Transfer is proper because this case involves significant overlap with several questions of fact present in the previously transferred cases which have been pending for over three years.

The *Newco* Plaintiff's action must be transferred if the action involves one or more common questions of fact and the MDL Panel determines that the transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions. *See* 28 U.S.C. § 1407(a); *In re Equity Funding Corp. of*

*America Sec. Litig.*, 396 F. Supp. 1277, 1278 (J.P.M.L. 1985). Here, each factor is present.

The Newco Plaintiff contends that the foreign purchaser cases bear no relation to the food flavor enhancer litigation ongoing in the District of Minnesota. To the contrary, the foreign purchaser cases share significant questions of fact with the cases that have already been transferred to the District of Minnesota. All actions, at their core, share the significant factual questions related to whether there was an illegal price-fixing conspiracy in the food flavor enhancer industry, and, if so, the terms and effect of that conspiracy. In the face of this overwhelming similarity, Newco is forced to resort to splitting hairs.

First, contrary to Newco's arguments, the fact that the foreign purchaser cases contain an issue as to whether a federal district court has subject matter jurisdiction is a difference of no consequence here. The jurisdiction issue is not one for either proposed district court to determine. Rather, the Supreme Court will decide the issue when it rules in the case of *F. Hoffman LaRoche v. Empagran S.A.*, No. 03-724. Both cases are stayed until the Supreme Court's ruling. Once it rules, regardless of the outcome, subject matter jurisdiction will not be of issue in the consolidated action.

Second, like all the related actions currently pending in the District of Minnesota, the foreign purchaser actions involve substantially the same Defendants - Japanese, Korean and Taiwanese manufacturers of MSG and nucleotides and their subsidiaries. Newco's argument that the foreign cases name certain subsidiaries that were not named in the domestic purchaser action and vice versa is completely unavailing. For example, that Orsan S.A. and Kyowa Hakko USA are named as defendants in the foreign case, but

not the domestic purchaser case, scarcely impacts commonality among the cases when considering that Orsan S.A. is a subsidiary of Ajinimoto Company, Inc., *see Inquivosa Complaint* at ¶ 11, which is named in both cases, and that Kyowa Hakko USA, is affiliated with Kyowa Hakko Kogyo Co., Ltd., also named in both cases. Similarly, that Ajinimoto USA, Inc. and Takeda USA, Inc. are named in the domestic purchaser cases, but not the foreign actions, does not impact commonality when each company's parent is named in both actions.

Newco's statement that the domestic purchaser cases never presented or resolved important issues regarding the extent of the global cartel and its impact outside the United States is flatly wrong. *See Newco Memorandum* at p. 9. While obvious differences exist in the geographical locations of plaintiffs, the domestic purchaser actions, like the foreign purchaser cases, are heavily focused on a worldwide conspiracy amongst international companies to fix prices. It would be a waste of judicial resources and result in inconsistent pre-trial rulings to allow the *Conopco*, *Inquivosa* and *Newco* cases to go forward in different districts.

The MDL Panel has rightly and repeatedly recognized that minor distinctions such as these cannot overshadow the core issues in litigation such as this. *See, e.g., In re Corrugated Container Antitrust Litig.*, 447 F. Supp 468, 471 (J.P.M.L 1978) (denying motion to vacate conditional transfer order, and recognizing that, while litigation at issue involved some disparate factual issues and legal theories, it shared with the actions in the transferee district numerous signification questions of fact concerning whether there was price-fixing in the corrugated container industry); *In re "Fine Paper" Antitrust Litig.*, 453 F. Supp. 118, 121 (J.P.M.L. 1978) (although recognizing that while the actions then

45644

before Panel involve some different defendants and some dissimilar factual issues, the Panel was convinced that all claims in all actions in the litigation share numerous substantial questions of fact concerning whether there had been a conspiracy to engage in restrictive trade practices in the fine paper industry, and if so, who took part in the illegal conduct and who was affected by it).

The purported variations among the domestic and foreign purchaser actions are inconsequential and should not affect the decision to consolidate the *Inquivosa* and *Newco* actions before the District of Minnesota.

**B. Transfer is proper because it will promote the just and efficient conduct of both this case and the litigation currently before the District of Minnesota.**

The same reasons that led the MDL Panel to initially transfer the various pieces of the food flavor enhancer litigation to the District of Minnesota apply with equal force today: transfer of this case will enhance the just and efficient conduct of this litigation. For example, there can be no doubt that much of the discovery that will inevitably be pursued in this case will overlap significantly with the discovery already produced in the earlier-transferred cases and/or the discovery that will be requested as part of the indirect purchaser actions that are or will soon be before the transferee court.

Even more importantly, it cannot be disputed that the transferee district has become very familiar with the pretrial issues inherent in the food flavor enhancer litigation, the parties to that litigation, and, to a large degree, counsel for those parties. In such situations, the MDL Panel has rightly recognized that transfer is warranted. *See, e.g., In re Multidistrict Civil Antitrust Actions Involving Antibiodic Drugs*, 405 F. Supp. 1302, 1304 (J.P.M.L. 1976) (denying motion to vacate conditional transfer order, noting that the transferee judge was "singularly familiar" with the parties, their counsel, the

witnesses, and relevant documents and had accumulated substantial expertise regarding the subject matter of the litigation); *see also, In re Capital Underwriters, Inc. Securities Litig.*, 464 F. Supp. 955, 960 (J.P.M.L. 1979) (Noting importance of district judge's familiarity with facts of case in determining appropriate court to supervise litigation); *In re Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581 (J.P.M.L. 1979).

**C. The "convenience of the parties and witnesses" is no different here than in the previously transferred cases.**

Given that the Inquivosa and Newco Plaintiffs seek relief on behalf of entities located literally across the world, the location of a few parties has little bearing on this issue. This is particularly true here, where the MDL Panel has effectively decided this issue when it initially transferred the food flavor enhancer litigation to the District of Minnesota for pretrial proceedings. At that time, the MDL Panel concluded that the food flavor enhancer litigation did not have a particular "center of gravity" because it was nationwide in scope and that the caseload in the District of Minnesota made it a good candidate to address this litigation. *See* March 2, 2000 MDL Panel Transfer. Plaintiff has offered no basis to revisit that conclusion now. In fact, this reasoning is even more applicable here, where the litigation is international in scope.

**D. The District of Minnesota's Caseload Will Not Impact the Just and Efficient Conduct of These Actions.**

That the Southern District of New York now has a lighter caseload per judgeship than the District of Minnesota, *see Newco's Memorandum* at p. 12, has little bearing on the latter court's ability to "promote the just and efficient conduct of the litigation." 28 U.S.C. § 1407(a). The Newco Plaintiffs do not contend that the District of Minnesota's caseload is unreasonable, only that it is heavier per judgeship than the Southern District

of New York. To the contrary, the MSG litigation has progressed steadily without undue delay. No reason exists to believe the continuation of the litigation in the District of Minnesota would be conducted otherwise.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Newco Trading Company's Motion for Transfer of Cases to and Consolidation in the Southern District of New York should be denied. The foreign purchaser actions which are the subject of this motion should instead remain transferred and consolidated in the District of Minnesota for pre-trial litigation to proceed before Judge Paul A. Magnuson, who has extensive experience litigating this and other complex cases.

Dated: February 16, 2004

HEINS MILLS & OLSON, P.L.C.

Samuel D. Heins (#43576)
Susan E. MacMenamin (#304396)
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-4605

Respectfully submitted,

LOCKRIDGE GRINDAL
NAUEN P.L.L.P.

Richard Lockridge / by SEM

Richard A. Lockridge (#64117)
W. Joseph Bruckner (#147758)
Heidi M. Drewes-Silton (#025759X)
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
(612) 339-6900

45644