UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Monosodium Glutamate Antitrust Litigation

Civil File No. 00-MDL-1328 (PAM)

**MEMORANDUM AND ORDER**

This document relates to:
Inquivosa, S.A., et al. v. Ajinomoto Co., Inc., et al., Civ. No. 03-2997

---

This matter is before the Court on Plaintiff's Motion to Stay Proceedings. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

The parties and the Court are familiar with the procedural history of this case, so a detailed recitation is unnecessary. This Court stayed this action pending a decision by the United States Supreme Court in F. Hoffman-LaRoche Ltd. v. Empagran S.A. After the Supreme Court rendered that decision on June 14, 2004, Plaintiffs informed the Court that they planned to file an Amended Complaint, which they did on November 15, 2004. Plaintiffs now move to stay proceedings again pending a decision by the District of Columbia Circuit Court of Appeals.

**DISCUSSION**

**A. F. Hoffman-LaRoche Ltd. v. Empagran S.A.**

In F. Hoffman-LaRoche Ltd. v. Empagran S.A., 124 S. Ct. 2359 (2004), the United States Supreme Court addressed whether the Sherman Act applies to significantly foreign anti-competitive conduct that has some domestic antitrust injury as well as independent foreign injury. The Supreme Court concluded that the domestic injury exception under the

Foreign Trade Antitrust Improvement Act of 1982 ("FTAIA"), 15 U.S.C. § 6a, did not apply where anti-competitive conduct adversely affected both foreign and domestic purchasers where the adverse foreign effect was independent of any adverse domestic effect. Id. at 2366-72. Thus, the Court held that the Sherman Act does not apply where the claim rests solely on independent foreign harm. Id.

However, the Court noted that its decision was premised on the assumption that the anti-competitive conduct's domestic effects did not cause the foreign plaintiffs' foreign injury. Id. at 2372. Thus, the Court remanded the case to the District of Columbia Circuit Court of Appeals to consider whether the plaintiffs had properly preserved an alternative argument that the foreign injury was not separate from the domestic effects. Id.

Following remand, the Court of Appeals ruled that plaintiffs had pled and preserved the alternative claim. Empagran S.A. v. F. Hoffman-LaRoche, Ltd., 388 F.3d 337, 340-44 (D.C. Cir. 2004). The Court of Appeals also concluded that it should rule on the alleged jurisdictional link between the domestic effects and foreign injury. Id. at 344-45. It therefore ordered the parties to brief whether the link alleged between foreign injury and domestic effects is legally sufficient to trigger application of the domestic injury exception. Id. Briefing on the issue will be completed by March 2, 2005, and oral argument is scheduled for April 20, 2005.

Plaintiffs now move for a stay in this proceeding pending a decision by the District of Columbia Circuit in Empagran.

## B. Motion to Stay

This Court has the inherent authority to stay an action, so as to control its docket, conserve judicial resources, and provide for the just determination of cases before it. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). However, the Court would abuse that discretion if it were to grant "a stay of indefinite duration in the absence of a pressing need." Id. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id. Accordingly, a party requesting the stay must demonstrate "a clear case of hardship or inequity in being required to go forward." Id.; see also Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

The mere prospect of potentially relevant authority is not grounds for staying a civil action. See Tikkaken v. Citibank, 801 F. Supp. 270, 274 (D. Minn. 1992) (MacLaughlin, J.). The Court finds Tikkaken very persuasive, as both the procedural posture and the plaintiffs' arguments closely resemble the instant case. In that case, the plaintiffs sought to stay a proceeding, arguing that the applicable law was unsettled and that actions raising the same legal issue had been filed in other jurisdictions. Id. at 273. According to the plaintiffs, judicial resources would be squandered before the issue was resolved by higher courts, and the defendants would not be prejudiced because discovery had barely begun.

Notwithstanding those arguments, Judge MacLaughlin ruled that a stay was inappropriate. He reasoned:

> There is no case pending before the Supreme Court that would resolve the issues presented here. Indeed, the First Circuit appears to be the only appellate

> court to have addressed the issue. It could be years before the issue reaches the Supreme Court, and there is no reason to hold these actions in abeyance until the Supreme Court considers the question.

Id. at 274.

The same holds true here. Although the legal theory in Empagran closely resembles Plaintiffs' theory in this action, the Court is not convinced that a stay is appropriate. When the District of Columbia Circuit will issue a decision in Empagran is uncertain. Moreover, the instant case has been pending before this Court for nearly two years and has already been stayed once. Finally, although the decision rendered by the District of Columbia Circuit will likely be persuasive, it is not binding on this Court. Based on these factors, the Court finds that Plaintiffs have failed to show that proceeding in this action will cause them hardship or inequity.

**CONCLUSION**

The indefinite time frame of the Empagran decision, as well as its lack of precedential impact, persuades this Court that a stay in the present matter would not serve judicial economy. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Stay Proceedings (Clerk Doc. No. 505) is **DENIED**; and
2. The parties shall comply with the following briefing schedule:
    a. Defendants' Motion to Dismiss and Memorandum in Support of the Motion to Dismiss must be filed and served by February 17, 2005;
    b. Plaintiffs' Memorandum in Opposition to the Motion to Dismiss must be filed and served by March 17, 2005;

c. Defendants' Reply Memorandum in Support of the Motion to Dismiss must be filed and served by March 31, 2005; and

d. A hearing on the Motion to Dismiss is scheduled for April 13, 2005, at 9:30 a.m. in Courtroom One of the Warren E. Burger Federal Building in Saint Paul, Minnesota.

Dated: January 27, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge