**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: MONOSODIUM GLUTAMATE ANTITRUST LITIGATION | MDL 00-1328 |

This Document Relates to:

| | |
|---|---|
| Inquivosa S.A.; Petbowe Chemtrade Corp.; Plus Sun Co., Ltd., MCC Menssing Chemiehandel & Consultants GmbH; and Newco Trading Co., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Ajinomoto Co., Inc.; Ajinomoto USA, Inc.; Orsan S.A.; Cheil Jedang Corp.; C.J. America, Inc.; Miwon Co., Ltd.; Daesang America, Inc.; Takeda Chemical Industries, Ltd.; Kyowa Hakko Kogyo Co., Ltd.; and Vedan Enterprises Group f/k/a Tung Hai Fermentation Industrial Corp.<br><br>Defendants. | Civil No. 03-2997 (PAM) |

**PLAINTIFFS' UNOPPOSED MOTION FOR MODIFICATION OF BRIEFING SCHEDULE**

**INTRODUCTION**

Plaintiffs in the above-referenced litigation hereby respectfully request this Court to modify its prior Memorandum and Order filed July 14, 2005 and extend the deadlines therein for an additional 14 days. Counsel make this request for a two week extension to provide adequate time to appropriately respond to the crucial issues raised in Defendants'

Motion for Reconsideration of the Court's Decision on the Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Defendants' Motion"). Plaintiffs have met and conferred with Defendants about this request and Defendants have stated that they do not oppose an extension of 14 days as long as Defendants also are granted an extension of 14 days to submit their reply memorandum.

Therefore, Plaintiffs request that the current schedule be extended so that Plaintiffs are not prejudiced in their briefing related to Defendants' Motion.[1]

**PROCEDURAL STATUS AND ARGUMENT**

Pursuant to Fed. Civ. 16(b) a schedule may be modified by leave of court "upon a showing of good cause." *Rexam Inc. v. United Steel Workers of Am.*, Slip Copy, 2005 WL 1260914 *8 (D.C. Minn., May 25, 2005) (quoting Fed. R. Civ. P. 16(b)). "'The primary measure of Rule 16's 'good cause' standard is the moving parties' diligence in attempting to meet the case management order's requirements.'" *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Despite due diligence, it will be very difficult for Plaintiffs to properly and completely respond to Defendants' Motion within the current schedule and, therefore, Plaintiffs seek an additional 14 days to file their Response to Defendants' Motion.

On July 14, 2005, the Court granted Defendants' request for permission to file a Motion for Reconsideration and set a briefing schedule. On July 26, 2005, the Parties entered into and filed with the Court a Stipulation for Use of Documents from the

---

[1] In light of the tight schedule, Plaintiffs respectfully request an expedited ruling on this motion.

domestic litigation. It was not until this Stipulation was filed that Plaintiffs could discuss or share documents from the domestic MSG case with their consultants to assist in analyzing the subject matter jurisdiction issues raised by Defendants' original motion to dismiss and their motion for reconsideration. Such analysis may lead to the submission of an expert's affidavit in support of Plaintiffs' Response. For Plaintiffs and their consultants to be able to appropriately analyze and meaningfully address the Defendants' subject matter jurisdiction arguments, Plaintiffs seek only 14 additional days. Pursuant to the Court's May 2, 2005 Order granting subject matter discovery, Plaintiffs also plan to use this time to attempt to secure additional documents to review and, if appropriate, use in their response to Defendants' Motion. In addition, the work and summer schedules of Plaintiffs' primary brief writers make meeting this Court's deadline difficult.[2]

The Parties have agreed that a 14 day extension for Plaintiffs to respond to Defendants' Motion and for Defendants to reply is appropriate and request this Court enter the attached Proposed Order setting forth those dates. Plaintiffs also invite the Court to schedule a telephonic discovery status conference, if necessary, to discuss these issues and to address any questions the Court may have.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Counsel respectfully request that this Court modify its prior briefing schedule and extend the deadlines therein for an additional 14 days for Plaintiffs to respond to Defendants' Motion and for Defendants to reply to

[2] Plaintiffs understand that Defendant's request for an additional 14 days for their Reply is to accommodate the summer schedules of those primarily responsible for their briefing, should the dates be extended for Plaintiffs.

Plaintiffs' response. A Proposed Amended Briefing Schedule has been submitted separately.

Dated: August 2, 2005

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

s/ Heidi M. Silton
Richard A. Lockridge (#64117)
Heidi M. Silton (#025759X)
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

HEINS MILLS & OLSON, P.L.C.

s/ Susan E. MacMenamin
Samuel D. Heins (#43576)
Susan E. MacMenamin (#0304396)
3550 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 338-4605
Fax: (612) 338-4692

**PLAINTIFFS' CO-LEAD COUNSEL**

Michael D. Hausfeld
Brian A. Ratner
COHEN MILSTEIN HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

**PLAINTIFFS' COUNSEL**