UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Monosodium Glutamate Antitrust Litigation

Civil File No. 00-MDL-1328 (PAM)

**ORDER**

This document relates to:
Inquivosa, S.A., et al. v. Ajinomoto Co., Inc., et al., Civ. No. 03-2997

---

On July 26, 2005, the parties filed a Stipulation with respect to previously produced documents in *In re Monosodium Glutamate Antitrust Litigation*, MDL 1328 (Clerk Doc. No. 26). Based on that Stipulation, **IT IS HEREBY ORDERED** that:

1. All documents produced in *In re Monosodium Glutamate Antitrust Litigation* by Defendants Ajinomoto Company, Inc., Ajinomoto U.S.A., Inc., Cheil Jedang Corp., C.J. America, Inc., Takeda Pharmaceutical Company Limited f/k/a Takeda Chemical Industries, Ltd., and Kyowa Hakko Kogyo Co., Ltd. shall be deemed to have been produced in this action.

2. Defendant Kyowa Hakko Kogyo Co., Ltd. is deemed to have produced in this action those documents provided to Plaintiffs in *In re Monosodium Glutamate Antitrust Litigation* bearing Plaintiffs' Bates Nos. CP 0237 - CP 0578.

3. Documents and information produced by Defendant Miwon Co., Ltd., Defendant Daesang America, Inc., or Defendant Archer Daniels Midland Co. in *In re Monosodium Glutamate Antitrust Litigation*, whether in response to discovery requests or otherwise, are excluded from the scope of this Order.

4. Nothing in the Protective Order entered in *In re Monosodium Glutamate Antitrust Litigation* shall preclude Plaintiffs or any Defendant in this action from reviewing documents or information originally produced in *In re Monosodium Glutamate Antitrust Litigation* by one of Defendants whose documents are deemed produced under this Order. The use of information and documents as provided in this Order shall be subject to the terms of the protective order entered in *In re Monosodium Glutamate Antitrust Litigation* attached hereto as Exhibit A. Documents designated as confidential in *In re Monosodium Glutamate Antitrust Litigation* shall be deemed to have been so designated in this action.

5. Defendants shall not be deemed to have waived any relevance objections by stipulating to entry of this Order. Without limiting the foregoing, nothing in this Order shall preclude Defendants from (a) arguing that information or documents deemed produced under this Order are not in fact relevant to subject matter jurisdiction and/or should not be considered by the Court for such purposes, or (b) objecting to any discovery requests served in this action, regardless of any similarity between such requests and documents deemed produced under this Order.

Dated: August 2, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge